FRANKLIN PIERCE McCALL v. STATE.

186 So. 510.

Opinion Filed February 10, 1939.

C. A. Avriett and E. C. Rutledge, for Plaintiff in Error;
George Couper Gibbs, Attorney General, and Lawrence
A. Truett and Tyrus A. Norwood, Assistant Attorneys
General, and G. A. Worley, State Attorney, for the State.

PER CURIAM.--The plaintiff in error, Franklin Pierce
McCall, through his counsel, has presented to us a motion
in the form of an Extraordinary Petition for Recall of
Mandate heretofore issued in this case and for a rehearing.

In that petition he has set up eighteen (18) numbered
paragraphs. The sum total of all the allegations contained
in the petition is that this Court in rendering its opinion
and judgment filed herein on the 3rd day of January, 1939,
overlooked the rule of law that the plaintiff in error had
the right, under the 5th, 6th and 14th Amendments to the
Constitution of the United States, to be represented by
counsel at his trial and that such right was in substance
denied.

The conditions assumed by the petitioner in his petition
to have existed are not shown by the record to have existed,
but the contrary is shown.

We have in our opinion, supra, set out in detail what the
record shows occurred at and concerning the trial. The
record shows affirmatively that when the defendant ap-
peared at the bar of the court with counsel previously ap-
pointed to represent him the trial judge asked the defendant

and his counsel if they had any motions to present. Counsel replied in effect that they had no motions to present and were ready to proceed. When the State had introduced its evidence before the trial judge, upon being interrogated by his counsel, McCall stated that he had entered a plea of guilty to the indictment charging kidnaping to hold for ransom, and he reasserted that such was his plea. He then clearly, intelligently and deliberately told in detail each step of his perpetration of the crime charged. He made no contention that he was not guilty of the crime charged in the indictment, nor did he make any contention of any sort that if given all the time of the future he could prepare any defense to the charge then pending against him.

Counsel appointed for him by the Court is recognized by this Court as an able, active and conscientious lawyer of many years of experience in the trial of criminal cases. We recognize the rule laid down in the cases of Powell v. Alabama, 287 U. S. 45, 77 Law Ed. 158, and Johnson v. Zerbst, as Warden, 58 Sup. Ct. Rep. 1019, but we find that the rules stated in those cases have no application in the instant case because of the controlling differences in factual conditions.

We also have before us a petition filed by one T. H. Crowson, on behalf of plaintiff in error in which he petitions this Court to reverse the judgment and to award a new trial upon the ground that McCall now has asserted as follows:

"(1)   That I do hereby assert my innocence of the crime alleged and do protest that my plea of 'guilty' in the court was obtained from me by torture, duress and fraudulent misrepresentation of the facts involved; and

· "(2)   That I do request that this be considered as a full repudiation of the aforesaid former 'plea' of 'guilty,' and that all concerned to whom this may come take due notice

thereunto and act as the law provides and according to justice; and," etc.

This alleged repudiation can have no more force and effect than such action would have in any other case where a man has freely and voluntarily fully admitted his guilt and then, when about to be executed for the crime, decides to tell some other story with the hope of escaping punishment.

Both petitions are denied.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.