**UNITED STATES v. MALFETTI.**

No. 11271.

United States Court of Appeals
Third Circuit.

Argued May 17, 1954.
Decided June 10, 1954.

Salvatore Malfetti, pro se.

William F. Tompkins, I. Edward Amada, Asst. U. S. Attys., Newark, N. J., for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion for a new trial in a criminal case wherein appellant was convicted of the theft of merchandise in the course of interstate shipment.

■ The verdict of the jury was returned on September 17, 1952. Two days after that, on September 19, 1952, a motion for a new trial was filed. The stated grounds for the motion were that: (1) the verdict was contrary to the weight of the evidence; (2) the verdict was not supported by substantial evidence; (3) the defendant was substantially prejudiced and deprived of a fair trial because: (a) the attorney for the Government in cross examination of defendant, made references to other charges or cases pending against him in addition to prior convictions; (b) the attorney for the Government made improper and abusive characterizations and references with respect to the defendant during his summation. The motion was denied September 24, 1952. Judgment of conviction and commitment was filed October 3, 1952. No appeal was taken from that judgment.

On July 28, 1953 this motion was filed. It was specifically based on the grounds of newly discovered evidence under Rule 33 of the Rules of Criminal Procedure, 18 U.S.C. It was titled "Motion For New Trial On Grounds Of Newly Discovered Evidence." The motion was heard and testimony taken regarding the alleged evidence October 1, 2 and 5, 1953. Decision was reserved. On January 7, 1954, in a carefully considered opinion, 117 F.Supp. 468, Judge Smith, who had presided at the trial, denied the motion. The court held that the evidence offered failed to meet the basic requirements for "newly discovered" evidence. That conclusion is completely justified by the record.

■ Appellant attempts to reargue the question of the trial proof of his guilt which is not before us. He also contends that in view of the dismissal of the State's charges against him the trial in the district court constituted double jeopardy and a violation of 18 U.S.C. § 659. What occurred is evident from the trial transcript and from defendant's own testimony on this motion. He was arrested the night of the theft (November 21, 1951) by the police of Hoboken, New Jersey, where the offense had been committed. That same night the Federal Bureau of Investigation was notified. By the following morning the interstate character of the shipment had been definitely ascertained. Thereupon the magistrate sitting in the local police court dismissed the State charges un-

der which appellant had been held. He was immediately rebooked as a fugitive from justice on a United States warrant issued by a United States Commissioner on a complaint. Then, as appellant stated at the motion hearing, "I was turned over to the custody of the F. B. I." There was no attempt to try or otherwise dispose of the theft on the merits in the magistrate's court. It is clear that defendant was not subjected to double jeopardy by his trial and conviction in the district court nor was the dismissal by the magistrate a judgment of acquittal within the meaning of 18 U.S.C. § 659.

The order of January 12, 1954 dismissing the motion will be affirmed.