No. 20910.

JAMES ARTHUR TAYLOR *v.* THE PEOPLE OF THE STATE OF COLORADO.
(392 P.2d 294)

Decided May 18, 1964.

16

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

ON April 23, 1958, James Arthur Taylor was convicted of murder in the first degree and was sentenced to life

imprisonment in the state penitentiary. Taylor's co-defendant, one Miller, was similarly convicted and sentenced and his conviction was affirmed by this Court in *Miller v. People,* 141 Colo. 576, 349 P.2d 685. Taylor did not prosecute a writ of error to his conviction.

On February 13, 1963, Taylor, *pro se,* filed a "Motion to Vacate, Set Aside, or Correct Judgment and Sentence" pursuant to Rule 35 (b), Colo. R. Crim. P., which motion was denied by the trial court. From the denial of this motion, Taylor brings error.

Taylor's motion is based on essentially two grounds: (1) that he was convicted on the strength of "perjured" testimony in that the testimony of the witnesses for the People was inherently incredible and not worthy of belief and (2) that his conviction was secured through the use of evidence obtained as a result of an unreasonable search and seizure.

 We would initially point out that the post conviction remedy afforded under Rule 35 (b), Colo. R. Crim. P., provides a convicted person with a means to attack any alleged violations of his constitutional rights which are *"of a sort not effectively subject to review on writ of error."* Where a party has not availed himself of the normal writ of error procedure, *unless he has been effectively precluded from doing so,* he cannot thereafter seize upon the Rule 35 (b) remedy in order to seek relief from alleged grievances which are properly the subject of a writ of error. *Swanson v. People,* 154 Colo. 340, 390 P.2d 470. See also, *Symposium on the Colorado Rules of Criminal Procedure,* 35 Rocky Mt. L. Rev. 1, 72. Rule 35 (b) was not intended to abrogate the plain direction of Rule 39 (d) that no writs of error shall issue after six months from the date of final judgment nor was it intended to serve as an inducement for those convicted of a crime to delay in informing the courts of alleged violations of their constitutional rights until such time as the witnesses against them might suffer from hazy memories, or, indeed, be unavailable for trial.

18

█ Turning to the case at bar, Taylor asserts that he was unable to timely prosecute his writ of error after conviction because of his poverty. The record does not disclose and Taylor does not assert that he was denied either a free transcript or counsel in order to prosecute a writ of error. In short, Taylor's motion on its face contains no allegation which could support a conclusion that he was effectively precluded from prosecuting a timely writ of error.

█ Taylor claims that he was convicted upon "perjured" testimony, but in reality his argument on that point is only an attack on the credibility of the witnesses for the People. This is patently a matter not reviewable by motion under Rule 35 (b). It does not rise to the dignity of a constitutional question and under such circumstances will not be considered in this proceeding. *Swanson v. People,* supra; *Bizup v. Tinsley,* 10 Cir., 1963, 316 F.2d 284.

█ Taylor's contention that he is entitled to relief because of *Mapp v. Ohio,* 367 U.S. 643, 6 L.Ed.2d 1081, 81 S. Ct. 1684, is also without merit. In the course of Taylor's trial upon the charge of murder, the issue of admissibility of the seized evidence in question was hotly contested and resolved by the trial judge in favor of admissibility upon the authority of *Massantonio v. People,* 77 Colo. 392, 236 Pac. 1019 and *Wolf v. Colorado,* 338 U. S. 25, 93 L.Ed. 1782, 69 S.Ct. 1359. *Mapp,* of course, overruled *Wolf* and, in the process, *Massantonio.* In our view, *Mapp* promulgated a change in the law of this state and, therefore, the doctrine announced in *Mapp* has no application to convictions which became final before it was announced. *Gaitan v. U.S.,* 10 Cir., 1961, 295 F.2d 277, *cert. denied,* 369 U. S. 857, 8 L.Ed.2d 15, 82 S.Ct. 939.

Taylor agrees with this view but attempts to bring himself within the rule by contending that the alleged crime in *Mapp* was committed before the crime with which he was charged was committed and that, if he

had taken writ of error from his conviction, the decision on his writ of error might not have yet been announced at the time *Mapp* was delivered and that, therefore, application of *Mapp* to his situation would not be retroactive. The argument is ingenious but not tenable. The controlling factor here is that the judgment of conviction against Taylor became final before *Mapp* announced the change in law and against this judgment *Mapp* does not operate.

The judgment is affirmed.