■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARAM HOVNANIAN, Appellant.— Motion by appellant for reargument of appeal. On May 21, 1962 this court rendered its decision upon appellant's appeal (*People* v. *Hovnanian,* 16 A D 2d 818, mot. for lv. to app. to Ct. of Appeals den. FULD, J., Oct. 26, 1962, cert. den. by Supreme Court of the United States, 373 U. S. 939, May 27, 1963). By its decision this court affirmed a judgment of the County Court, Nassau County, rendered August 14, 1958 after a jury trial, convicting appellant of manslaughter in the first degree and sentencing him as a second felony offender to serve a term of 10 to 20 years. It appears from the record that the appellant's conviction was based in part upon his statements to the police and to the District Attorney, but that the voluntariness of such statements was neither contested nor in any way involved. Now, more than two years after our determination, appellant moves for reargument on the basis of two recent decisions rendered June 22, 1964 by the Supreme Court of the United States (*Jackson* v. *Denno,* 378 U. S. 368; *Escobedo* v. *Illinois,* 378 U. S. 478). In *Jackson,* the court overruled its own prior *Stein* decision (*Stein* v. *New York,* 346 U. S. 156). *Stein* sanctioned the validity of the procedure whereby the jury, at the same time that it determined the substantive issue of defendant's guilt upon the crime charged, also determined the preliminary issue of voluntariness raised by a defendant with respect to the confession or statement when it was sought to be introduced in evidence. In *Jackson* (pp. 394, 395), however, the court declared this procedure to be constitutionally invalid, and held: (1) that where, during the trial, the voluntariness of a confession had been contested, then the issue as to such voluntariness should not have been presented to or "decided by the convicting jury" but, instead, "should have been determined in a proceeding separate and apart from the body trying guilt or innocence;" and (2) that "It is both practical and desirable that in cases to be tried hereafter a proper determination of [the issue of] voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence." In *Escobedo* the court held that, where a person who has been arrested as a suspect in the commission of a felony has been denied the opportunity to consult with his counsel who was present and

available, and where such arrestee has not been warned of his absolute constitutional right to remain silent, any prearraignment confession or statement made by him during his interrogation by the police is inadmissible in evidence against him upon his subsequent trial. As indicated in *Jackson*, these later holdings are applicable primarily to any " cases to be tried hereafter ". In our opinion they would also be applicable to any case which is still pending in the trial court or in the appellate court or in which the statutory right to appeal or to move for leave to appeal has not yet expired. But, with this exception, they would not be applicable retroactively to a case (such as the one at bar) which has already been adjudicated with finality, either by the trial court or the appellate court, and which has been properly adjudicated on the basis of the law as it existed at the time of adjudication. Nor would such holdings be applicable to a case (such as the one at bar) where the voluntariness of the confession or statement was not contested during the trial and where the issue of voluntariness was not involved. Accordingly, appellant's motion for reargument is denied. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.