236 F.Supp. 225 (1964)
Hiller Arthur HAYES, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 64 C 308(2).
United States District Court E. D. Missouri, E. D.
December 2, 1964.
*226 Hiller Arthur Hayes, pro se.
Richard D. FitzGibbon, U. S. Atty., St. Louis, Mo., for respondent.
MEREDITH, District Judge.
This matter is pending upon petitioner's motion for leave to file in forma pauperis a motion under Title 28, U.S.C. § 2255, to vacate a sentence of 99 years imposed on the defendant on September 27, 1960. At the trial of the case, petitioner refused the appointment of a lawyer and conducted the trial of his own case before a jury. He was found guilty and appealed. The opinion affirming the verdict was filed on November 21, 1961, by the United States Court of Appeals for the 8th Circuit, 296 F.2d 657.
Thereafter, petitioner filed numerous motions to vacate the sentence, the last of which was heard by this Court on January 3, 1963. After taking testimony for two days on the grounds that the petitioner was mentally incompetent as a result of having been severely beaten by police officers and having been administered drugs, an order denying the motion to vacate the sentence was filed by this Court on February 1, 1963.
The present motion of petitioner in substance is as follows:
"The Supreme Court made a rulling on May 18, 1964, that no statement or confession could be used if it was made without the presence of the defendants counsel."
The decision to which petitioner probably refers is Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, which was decided on May 18, 1964. In that case the defendant was free on bond after having employed a lawyer and the government, without defendant's knowledge, installed a radio transmitter in the automobile of one of defendant's confederates and through the use of this transmitter obtained admissions from defendant. The Court held these were inadmissible as evidence. This case on the facts is not analogous to petitioner's situation.
In petitioner's original trial a signed confession was admitted in evidence. The district court and the United States Court of Appeals for the 8th Circuit (296 F.2d 657) held that the confession was voluntarily made. In examining the original transcript of the trial at page 105 and thereafter, the police officer taking the statement advised petitioner that he did not have to make a statement and if he did make a statement, it could be used against him in a court of law.
Reading the transcript of the original trial, there is no indication that petitioner ever asked for a lawyer after his arrest, or that the right to consult a lawyer was denied him, and the fact that he refused an attorney at his trial would indicate very strongly that he did not ask for a lawyer before the confession was voluntarily given.
In a recent Supreme Court case, Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977, where the defendant during interrogation repeatedly asked for a lawyer and a lawyer was denied, the Court held that confession was improperly admitted. This Court is unable to find any cases which require a lawyer to be present at a time when a confession is voluntarily given. It is the *227 opinion of the Court that under facts in the instant case as disclosed by the record, the confession was voluntarily given and is admissible under either the Massiah case or the Escobedo case above.
In addition to distinguishing the facts in the instant case from the controlling cases concerning the right of a defendant to consult a lawyer, there is another strong reason why the conviction of petitioner should not be set aside, that is, decisions concerning the admissibility of evidence should not be given a retroactive effect to disturb convictions which were proper at the time they were decided. See United States ex rel. Angelet v. Fay, (C.A. 2, 1964) 333 F.2d 12, and Gaitan v. United States, (C.A. 10, 1963) 317 F.2d 494.
In view of the present state of the law, this Court is of the opinion that there is no reason to have a hearing on petitioner's motion or to make any further findings of fact since the motion of petitioner is based on his erroneous notion of the law and not on any disputed facts. The record is clear as to the facts. An order will be made permitting petitioner to file his motion in forma pauperis and overruling the same.