PER CURIAM.
The appellant filed his petition in the trial court, pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, alleging that he entered a plea of guilty and was adjudged guilty without benefit of counsel and that he did not competently and intelligently waive his right to counsel. The record confirms these allegations. The trial court conducted a hearing after which it found that the appellant was not entitled to any relief because he thoroughly understood the nature of the charges against him and freely and voluntarily detailed the circumstances clearly indicating his guilt.
The trial court’s reasons for denying the motion were erroneous. The question of the guilt or innocence of the appellant can be resolved only after he has been accorded every right guaranteed to him by due process of law and therefore that question is immaterial in a Rule No. 1 proceeding involving the denial of counsel. Dickens v. State, Fla.App.1964, 165 So.2d 811. Even though the reasoning of the trial court was erroneous, we must nevertheless affirm the order denying relief because the conclusion was correct for an entirely different reason evidenced by this record. The motion did not allege, and neither does the record otherwise supply, the crucial allegation or fact that when the appellant entered his plea he was unable to employ counsel. Since there was neither allegation nor proof of that essential element we affirm the order appealed without prejudice to appellant’s right to file a further motion in the trial court. See King v. State, Fla. App.1963, 157 So.2d 440, and Turner v. State, Fla.App.1964, 161 So.2d 11.
SMITH, C. J., and ALLEN and ANDREWS, JJ., concur.