175 So.2d 80 (1965)
Anthony Theodore BELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-949.
District Court of Appeal of Florida. Third District.
May 18, 1965.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen. and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
*81 TILLMAN PEARSON, Judge.
The appellant, Anthony Theodore Bell, was adjudged guilty of first degree murder and sentenced to life imprisonment on November 4, 1958. On June 1, 1964, he filed a petition for relief pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The basis of his motion was an allegation that he had plead guilty to the crime because of a confession he had previously made to a police officer. The motion specifically alleges facts in an attempt to bring appellant's case within the purview of the holding in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The trial judge promptly set a hearing date and provided for Bell's presence at the hearing. Extended hearings were held at which testimony was taken. The appellant, Bell, was represented by an attorney.
The trial judge has prepared full findings of fact and an opinion in the cause. We do not find it necessary to discuss the findings and the opinion. Appellant's points on this appeal are based entirely upon his position that the order denying this motion is erroneous because he was denied a request for counsel during the investigation of the crime and prior to the time he was charged. In order to be entitled to a reversal on this appeal, it would be necessary for us to hold that the opinion of the Supreme Court of the United States in Escobedo v. State of Illinois, supra, is controlling as to appellant's trial in 1958.
So much has been written about the Escobedo case that it is unnecessary for us to discuss it here. Without determining whether or not petitioner's motion if true would bring him within the purview of the Escobedo decision, we point out that petitioner was indicted, tried and convicted nearly six years prior to the time that the decision in Escobedo was handed down. We hold that the decision in Escobedo v. State of Illinois has no retroactive effect in the State of Florida. The cogent reasoning for such a holding has been set out several times and need not be repeated here except to state that we adopt the reasoning set forth in the case of In Re Lopez, 1965, Cal., 42 Cal. Rptr.2d 188, 398 P.2d 380. See also State v. Johnson, 1964, 43 N.J. 572, 206 A.2d 737; People v. Hovnanian, 1964, 22 App.Div.2d 686, 253 N.Y.S.2d 241. For cases with an implied holding to the contrary see: Galarza Cruz v. Delgado, 233 F. Supp. 944 (D. Puerto Rico 1964); Wright v. Dickson, 336 F.2d 878 (9th Cir.1964).
While we are aware of no Florida case directly on point, this matter has recently been discussed by the District Court of Appeal of Florida, Second District, in Williams v. State, 170 So.2d 586 [opinion filed March 31, 1965] and by the District Court of Appeal of Florida, First District, in Turvey v. State, 174 So.2d 609 [opinion filed April 29, 1965]. Though Escobedo was discussed in both the Williams and Turvey cases, the court in neither case reached a decision on the retroactivity of Escobedo.
Affirmed.