88 N.J. Super. 528 (1965)
212 A.2d 859
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SINCLAIR DAVIS, DEFENDANT-PETITIONER.
Superior Court of New Jersey, Law Division.
Decided June 18, 1965.
*530 Mr. John J. Francis, Jr., for defendant-petitioner (Mr. Harold H. Fisher, attorney).
Mr. Eugene B. Beck, Assistant Prosecutor, for the State (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney).
FUSCO, J.S.C. (orally).
This is an application by Sinclair Davis for post-conviction relief under R.R. 3:10A.
From a review of the record, it appears that defendant was charged with breaking, entering and larceny by night in several accusations, and by several other accusations he was charged with larceny.
On January 14, 1949, before Essex County Court Judge Hartshorne, defendant signed a waiver of indictment and trial by jury.
Counsel, in his argument, suggests that the court take judicial notice of the practice that prevailed at that time to go through the several jails and ask accuseds if they were *531 willing to sign waivers of indictment and stand charged by accusation. The court takes such judicial notice. But the court will also take judicial notice of the fact that Judge Hartshorne was familiar with the constitutional mandate that an accused has the right to the assistance of counsel.
On January 31, 1949 the accused entered pleas of non vult to several of the accusations before Essex County Judge Naughwright, except that to Accusations Nos. 51905 and 51907 he pleaded not guilty; and he was sentenced on February 9, 1949, as follows:
Accusation No. 51899  Annandale;
Accusation No. 51900  Annandale, consecutive to the first; and
Accusation No. 51901  Annandale, consecutive to the last above.
To Accusations Nos. 51902 through 51906 sentences were suspended, and Nos. 51905 and 51907 were nolle prossed.
All of the sentences were indefinite terms to run consecutively at the reformatory.
Defendant was paroled from Annandale on the above sentences on July 26, 1950, which parole was revoked on November 13, 1950.
Subsequently, on February 10, 1952, the defendant was sentenced to the New Jersey State Prison for a term of 17-27 years by then County Judge Speakman. Defendant was paroled on that sentence on December 15, 1964, and is now back in the New Jersey State Prison serving for a violation of the 1950 parole.
On this application the accused contends that his constitutional rights were violated in that counsel was not assigned at the time that he pleaded non vult at the arraignment, nor when he was sentenced. In addition, he claims that he was not advised of such right to the assistance of counsel. He claims that he was deprived of his constitutional right to the assistance of counsel both at the plea and at the sentencing and argues that it cannot be presumed that he waived such right.
*532 In the absence of defendant, whom the court did not permit to testify although a request for his production was made by counsel by letter of June 9, 1965 to the court, counsel made an offer of proof that defendant, if he were present, would testify that he had no counsel. The court will concede that defendant would so testify, for the purposes of this ruling.
The prosecutor has submitted an affidavit of Charles E. Abbey, a certified shorthand reporter of this State, in which he states:
"On January 31, 1949, I was assigned as the court reporter to the Hon. Richard Hartshorne (then a judge of the Essex County Court). I served as such a stenographer in Judge Hartshorne's Court during the years 1948 through 1951.
I received an inquiry from the Essex County Prosecutor's office concerning any and all transcripts, records, or any other minutes concerning the case of the State of New Jersey vs. Sinclair Davis. I have searched my records and notes and I do not have in my possession any records pertaining to this case. Any records, transcripts, etc., if any, pertaining to this matter have been destroyed in accordance with the rules of the Supreme Court in effect at that time, requiring retention for only five years. I have no personal knowledge concerning this matter."
There has been a representation made to the court by the prosecutor that Judge Hartshorne, and reasonably and rightly so, has no personal knowledge of the occurrence in this case as of this date.
The court is cognizant of the fact that it must indulge in every reasonable presumption against waiver of counsel. Certainly, such action is an intentional relinquishment and abandonment of a known right or privilege, and defendant cannot be deemed to have waived his right to the assistance of counsel where he did not know and was not advised of the right. But after 16 years and the death of some judges who arraigned and sentenced defendant, the lack of any recollection by other judges involved, the absence of records by reason of the policy and rules of the Supreme Court then in existence, and the unavailability of others who may have knowledge of the facts and others not having distinct recollection *533 thereof, to permit defendant to challenge his conviction and sentence on the bare allegation or even his uncontroverted testimony that he was without counsel at the time of his plea and sentencing must be strictly scrutinized.
It must be presumed that the court complied with the fundamental constitutional concept requiring it to advise defendant of his right to counsel and that his appearance without counsel was a waiver properly entered. State v. Jenkins, 32 N.J. 109 (1960). The Chief Justice there indicated, "The formula must be fair to the State as well as to the accused." The opinion goes on to say,
"It seems to us that when the attack is thus collateral in nature a defendant should allege and prove that he did not intelligently and understandingly waive the right to counsel at sentence."
The court further states,
"His burden of allegation and proof should go further and include a showing of a likelihood that under the circumstances his rights could not have been fairly protected without the aid of counsel."
(Parenthetically, the court observes the defendant's mere denial standing alone does not meet this test.) And the Chief Justice further said:
"We are not dealing with a trial of the issue of guilt as to which prejudice might quite readily appear. Rather we are dealing with the matter of sentence. We do not belittle the role of counsel at that stage."
In the case of State v. Cynkowski, 10 N.J. 571 (1952), the court held:
"We find nothing in the defendant's showing which establishes that the acceptance of his pleas of non vult were so unfair or unjust as to render the resulting convictions void."
Nowhere does the accused in the case at bar deny his guilt, allege any prejudice, or show any unfair or unjust result in the resulting convictions following his pleas of non vult.
*534 Absent a request by defendant to have the opportunity to obtain counsel (which must appear in the record), which request was not satisfied, or if indigent to have the court assign counsel in his behalf, which application was denied, a conviction in a noncapital case is not invalidated under the Fourteenth Amendment by a mere showing, without more, that it was entered pursuant to a plea of guilty or, in this case, non vult without counsel or affirmative advice of defendant's entitlement thereto at the time of the imposition of the sentence. State v. Gladstone, 17 N.J. Super. 467 (App. Div. 1952).
Nowhere does it appear in the petition that defendant wanted and was denied counsel in connection with his plea and sentence. Even his offer of proof does not go that far.
It has been consistently held in New Jersey that the right to counsel may be waived or renounced. State v. Murphy, 87 N.J.L. 515 (E. & A. 1915), and In re Garafone, 80 N.J. Super. 259 (Law Div. 1963).
The facts in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), are distinguishable. There was a distinct request for counsel and a denial to the right of counsel by the police authorities at the time.
Furthermore, even if, assuming that Escobedo v. State of Illinois, supra, applies in the instant case, the principles announced in Escobedo concerning the accused's right to the assistance of counsel after one is charged with crime cannot be retroactively applied. State v. Johnson, 43 N.J. 572, 584 (1965). To hold otherwise would open the floodgate of charges that the court is lax in applying the proper rules and constitutional safeguards and procedures in the litigations which it handles.
In view of the observations heretofore made, defendants application to set aside his conviction and sentence upon his claim that he did not have the assistance of counsel, will be denied.