No. 21633.

THEODORE C. RUARK *v.* THE PEOPLE OF THE STATE OF COLORADO.
(405 P.2d 751)

Decided September 13, 1965. Rehearing denied October 4, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, Robert C. Miller, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS is another chapter in the saga of Theodore C. Ruark v. The People of the State of Colorado wherein we have detailed in our Reports the histories of the various violent crimes and subsequent trials of this defendant, and from past experience we have no doubt this will not be the last chapter. The present controversy arises out of a conviction of Ruark, in September of 1962, of armed robbery, for which he was sentenced to the penitentiary for a term of not less than ten years, nor more than twenty years.

Ruark was represented by counsel at the trial and contended that his confession was involuntary and should therefore not be admitted into evidence. The court, out of the presence of the jury, conducted a full and fair hearing and determined that the confession was voluntary. Ruark then sought and obtained a free transcript of the proceedings at the trial. He never sought writ of error to the judgment of the court at that trial.

Some two years later, after the announcement by the United States Supreme Court of its opinion in *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, Ruark filed the present petition for post-conviction relief, under Rule 35(b), Colo. R. Crim. P., alleging that his confession was admitted in evidence in violation of his constitutional right to due process of law because (1) it was involuntary, and (2) at the time he made the confession he did not have the aid of counsel nor the advice of "any learned person" as to his right not to make a statement.

The trial court held that (1) the remedy of Rule 35(b) was not available to Ruark with respect to the voluntariness of the confession, since that rule is not intended to substitute for a writ of error in matters which could have been effectively raised by writ of error, and (2) that the rule in *Escobedo* does not operate retrospectively. We hold that the trial court was correct on both points.

 The record of Ruark's trial clearly shows that Ruark's contention that the confession was not voluntary was fully and fairly litigated in that trial. He was thereafter furnished with a transcript of those proceedings and was given every opportunity to seek writ of error. He did not do so. He states that his failure to seek writ of error came about because he was being tried for two other offenses in two other jurisdictions, during the period when the writ of error was required to be sought, and he therefore did not have time to request writ of error. Our records show that Ruark never requested an extension of time within which to sue out his writ of error, although such a request is freely granted by this Court. That he was busy with other matters does not expand the scope of relief granted under 35(b) into that available on direct appeal. Under the circumstances, Ruark is not entitled to another hearing on the question of the voluntariness of his confession. See *Hudspeth v. People,* 151 Colo. 5, 375 P.2d 518.

Ruark also contends that since he did not have counsel at the time he made his confession the judgment of the trial court in the original trial must therefore be set aside. He argues that this Court must apply *Escobedo v. Illinois, supra,* retrospectively. We do not agree.

 We hold that the decision in *Escobedo,* which was handed down on June 22, 1964, more than eighteen months after Ruark's conviction became final, does not apply retrospectively to cases which have been determined before that date. See *Taylor v. People,* 155 Colo. 15, 392 P.2d 294; *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; *United States v. Pate,* 240 F. Supp. 237; *Hayes v. United States,* 236 F. Supp. 225; *State v. Johnson,* 43 N.J. 572, 206 A.2d 737; *People v. Hovnanian,* 253 N.Y.S.2d 241; *Bell v. Florida* (Fla.), 175 So.2d 80; Levy, *Realist Jurisprudence and Prospective Overruling,* 109 U. Pa. L. Rev. 1.

 We would apply to the situation before us the Austinian approach, as has the United States Supreme Court

many times, that a decision is an existing juridical fact until overruled and intermediate cases finally decided under it are not to be disturbed. See *Linkletter v. Walker, supra,* for Mr. Justice Clark's penetrating discussion in relation to this point. Prior to *Escobedo,* the United States Supreme Court had held that a confession obtained in the absence of counsel after the accused had been denied his request for counsel was not inadmissible on the sole ground that counsel was not present at the time the confession was made. *Crooker v. California,* 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448; *Cicenia v. LaGay,* 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed. 1523.

■ It is certain that the United States Constitution neither prohibits nor imposes retrospective effect to a decision of a court. *Linkletter v. Walker, supra; Great Northern Railway Co. v. Sunburst Oil and Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360. The question, therefore, as to whether a decision such as *Escobedo* should be prospective or retrospective in its operation hinges upon a discernment of the purpose and effect of the rule announced and whether retrospective operation would in any way further that purpose.

■ *Escobedo,* like *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, contemplated prevention of what the United States Supreme Court thought were coercive police practices. Any conduct of the police outlawed by *Escobedo* which has already occurred will not be corrected by releasing prisoners already finally convicted. The purpose of *Escobedo* was to effectively enforce the Sixth Amendment by interdiction of certain police practices theretofore permitted by the decisions of the United States Supreme Court, *Crooker v. California, supra,* just as it was the Court's purpose in *Mapp* to effectively enforce the Fourth Amendment by interdicting police practices with respect to search and seizure. As in *Mapp, Escobedo's* purpose will not be served by wholesale release of guilty men already finally convicted. *Linkletter v. Walker, supra.*

■ New interpretations of constitutional rights should be applied retrospectively only when such new rules protect the innocent against the possibility of conviction for a crime that he did not commit. Unlike *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, *Escobedo* announces a rule of law which does not raise substantial doubt as to the reliability of a determination of guilt in the absence of coercion. Lack of counsel during interrogation is not calculated to raise doubt as to the truth of the confession and the subsequent conviction. In our view, to apply *Escobedo* retrospectively in this state in the case of a *voluntary* confession would be to seriously burden the administration of criminal justice by a procedural weapon that has no bearing on guilt.

The judgment of the trial court is affirmed.