PER CURIAM.
The appellant has appealed from an order denying his motion to vacate his judgment and sentence [murder in the first degree] under Criminal Procedure Rule No. One, F.S.A. ch. 924 Appendix. The appellee’s motion to quash is before us for determination.
It is admitted that in order for appellant to prevail, it would he necessary to apply the rule of Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977, retroactively.
We have heretofore held that the decision of Escobedo, supra, does not apply retroactively in Florida. Bell v. State, Fla.App.1965, 175 So.2d 80, cert. denied, Fla.1965, 183 So.2d 209 (opinion filed November 2, 1965, not yet reported), and Thompson v. State, Fla.App.1965, 176 So. 2d 564. See Linkletter v. Walker, 1965, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; United States ex rel. Walden v. Pate, 7 Cir., 1965, 350 F.2d 240; United States ex rel. Conroy v. Pate, N.D.Ill.1965, 240- *468 F.Supp. 237; Hayes v. United States, E.D. Mo.1964, 236 F.Supp. 225; Ruark v. People, Colo.1965, 405 P.2d 751; In re Lopez, 1965, 62 Cal.2d 368, 42 Cal.Rptr.2d 188, 398 P.2d 380; State v. Davis, 1965, 88 N.J. Super. 528, 212 A.2d 859; State v. Johnson, 1965, 43 N.J. 572, 206 A.2d 737; People v. Hovnanian, 1964, 22 App.Div.2d 686, 253 N.Y.S.2d 241; Levy, Realist Jurisprudence and Prospective Overruling, 109 U.Pa.L. Rev. 1.
The appellee’s motion to quash the appeal is therefore granted.
It is so ordered.