WALDEN, Judge.
Appellant was convicted of murder and sentenced to death in the electric chair. His appeal to the Florida Supreme Court resulted in judgment affirmance. Schneider v. State, Fla.1963, 152 So.2d 731. His quest for relief under Florida Criminal Procedure Rule I, F.S.A. ch. 924 Appendix, was denied and he appeals. His Rule I effort sought to invoke the principles of Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and he-charged that his confession which was used' against him at trial was improperly obtained. The trial judge considered the-points raised under Rule I procedure and' entered the careful and comprehensive order here attacked. It appears that the-confession was received in evidence at trial •after proper inquiry and that appellant’s, counsel, in open court and in the defendant’s, presence, stipulated that the confession was. given voluntarily. In Schneider v. State, supra, 152 So.2d at page 733, the Supreme; *594 Court of Florida also considered the confession and stated:
“After these facts had been related the court conducted an inquiry into the circumstances surrounding a confession by the appellant. There was no charge that it was induced by fear, coercion or promise of reward; on the contrary, it was conceded by' counsel for the appellant that it was freely and voluntarily given.
“Before making his statement the appellant was fully advised of his right to speak or to decline and warned that anything he said could be used against him in the event of his trial for the homicide of Roger S. Hendry the preceding evening.”
We feel, as did the trial court, that questions concerning the propriety of the confession have been laid to rest. Simpson v. State, Fla.App.1964, 165 So.2d 195; Cayson v. Hassfurder, Fla.App.1965, 175 So.2d 811.
We do not believe the case of Escobedo v. State of Illinois, supra, is in any way applicable because of the foregoing circumstances, and we further reject appellant’s efforts to inject the case because:
A. As the above judicial finding reflects, appellant was advised of his right to remain silent and warned that any statement given could be used against him, which proposition according to the wording requirements of the Escobedo case cancel its application. Crum v. State, Fla.App.1965, 172 So.2d 24.
B. The Escobedo case was determined subsequent to appellant’s conviction and its principles do not operate retroactively. Bell v. State, Fla.App. 1965, 175 So.2d 80.
In our opinion the appeal lacks merit.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.