184 So.2d 207 (1966)
Dennis Manaford WHITNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 65-401.
District Court of Appeal of Florida. Third District.
March 8, 1966.
Rehearing Denied April 5, 1966.
*208 Richard Kanner, Miami, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
BARKDULL, Judge.
The appellant in this cause was convicted of first degree murder without a recommendation of mercy, and received a capital sentence in accordance therewith. The propriety of this judgment of conviction has been before the courts of this State on several occasions [see: Whitney v. State, Fla. 1961, 132 So.2d 599; Whitney v. Cochran, Fla. 1963, 152 So.2d 727], and was before the Federal court [see: Whitney v. Wainwright, 5th Cir.1964, 339 F.2d 275].
Subsequent to the last proceeding in the Federal court, a petition for relief, pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, was filed in the trial court. Following a response by the State, the trial judge entered an order finding that all matters raised in the petition were res adjudicate because of prior appellate or habeas corpus proceedings. An appeal from this order was taken to the Supreme Court of Florida, pursuant to the provisions of the Florida Constitution lodging jurisdiction in that court to review capital sentences. See: § 4, Art. V, Florida Constitution, F.S.A. Thereafter, following a motion to transfer by the State, the cause was transferred to this court for determination by order of the Supreme Court of Florida.
By his brief, the appellant contends that the court committed error in holding that the prior appellate or habeas corpus proceedings were res adjudicate, this being a criminal matter, and his judgment of conviction *209 is subject to collateral attack for the following reasons: 1. The appellant was denied due process of law on the issue of mercy because of excessive and prejudicial pre-trial publicity. 2. The closing argument of the State Attorney that a verdict with a recommendation of mercy would allow the appellant to be paroled was a denial of due process on the question of mercy. 3. The court cannot accept a guilty plea without first ascertaining from the defendant that he is aware of the consequences of his plea and his constitutional guarantees. 4. The appellant was deprived of a fair trial on the question of mercy, because the jury did not hear defense psychiatric witnesses. 5. Extra-judicial confessions made by the defendant without counsel are inadmissible evidence.
Proceedings under Criminal Procedure Rule No. 1 have been held to be civil. See: State v. Weeks, Fla. 1964, 166 So.2d 892; Barton v. State, Fla.App. 1965, 176 So.2d 597. Principles of res adjudicata applicable to civil matters would prevent the same issues being raised in a subsequent proceeding if they actually were, should have or could have been raised in a prior proceeding. See: Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Tilton v. Horton, 103 Fla. 497, 137 So. 801, 139 So. 142; 19 Fla. Jur., Judgments and Decrees, § 120. However, res adjudicata in a Criminal Procedure Rule No. 1 matter should be applicable only to those items actually raised in the prior proceedings, and not to new grounds. In this connection, see: Johnson v. Lindsey, 89 Fla. 143, 103 So. 419; Washington v. Mayo, Fla. 1955, 77 So.2d 620; Piehl v. State, Fla.App. 1965, 173 So.2d 723; Weeks v. State, Fla.App. 1966, 181 So.2d 746 [opinion filed January 18, 1966]; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Burgess v. United States, 9th Cir.1963, 319 F.2d 345; Hayes v. United States, 5th Cir.1963, 323 F.2d 954.
It appears that reasons numbers 2 and 3, raised in the appellant's brief, were before the Supreme Court of Florida in the prior habeas corpus proceedings. See: Whitney v. Cochran, supra. Therefore, so much of the trial judge's order which denied relief on these grounds, upon the doctrine of res adjudicata, is hereby affirmed. As to the other reasons [numbers 1, 4 and 5], even though the trial judge may have denied relief upon the wrong principle, it appears that his decision was correct, as will be hereinafter discussed, and therefore, under the doctrine that even if the wrong reasons were given the right result is obtained, the order here under review should be affirmed. See: Savage v. State, Fla.App. 1963, 156 So.2d 566; Gaines v. State, Fla.App. 1965, 172 So.2d 887.
Turning to reasons 1, 4 and 5, which were first raised in the petition, these are not appropriately the subject matter of a collateral attack.
As to the first reason, lack of due process of law because of excessive publicity, see: Simpson v. State, Fla.App. 1964, 165 So.2d 195; Sheppard v. Maxwell, 6th Cir.1965, 346 F.2d 707. No motion for change of venue was made, nor were the peremptory challenges exhausted in the case sub judice. Therefore, the cases relied upon by the appellant [see: Irving v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751; Rideau v. State of Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663] are not applicable.
As to the fourth reason, failure of counsel to call witnesses, see: Simpson v. State, supra; also Brookins v. State, Fla. App. 1965, 174 So.2d 578. Certainly this matter was the subject of attention by the Supreme Court of Florida in the habeas corpus proceeding, because although not specifically raised the court said the following at 152 So.2d at page 730 of that opinion [Whitney v. Cochran, supra]:
* * * * * *
"* * * The record is devoid of any evidence that petitioner's counsel failed to act in good faith or that they acted in collusion with the state or *210 from any unfaithful motive. Even an obvious tactical blunder, and we do not hold that one was demonstrated here, will seldom support a post conviction assault on a judgment of guilt. Unless such an error makes of the trial and the administration of justice a farce or a mockery a conviction will not be disturbed. The record here is devoid of any sufficient showing in this regard. United States v. Malfetti, D.C., 125 F. Supp. 27, affirmed [3 Cir.] 213 F.2d 728; United States v. Sobell, D.C., 142 F. Supp. 515, affirmed [2 Cir.] 244 F.2d 520, cert. den. 355 U.S. 873, 78 S.Ct. 120, 2 L.Ed.2d 77; Alexander v. United States, 5 Cir., 290 F.2d 252; Snell v. State, 158 Fla. 431, 28 So.2d 863, cert. den. 331 U.S. 830, 67 S.Ct. 1352, 91 L.Ed. 1844; McCall v. State, 136 Fla. 317, 186 So. 510."
* * * * * *
As to the fifth reason, the admissibility of the extra-judicial confession, the appellant relies on the United States Supreme Court decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. It has been held that this opinion is not to be given retroactive effect. See: Bell v. State, Fla.App. 1965, 175 So.2d 80, cert. den. Fla. 1965, 183 So.2d 209 [opinion filed November 2, 1965]; Thompson v. State, Fla.App. 1965, 176 So.2d 564; Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; United States ex rel. Walden v. Pate, 7th Cir.1965, 350 F.2d 240; Hayes v. United States, E.D.Mo. 1964, 236 F. Supp. 225; United States ex rel. Conroy v. Pate, N.D.Ill. 1965, 240 F. Supp. 237; In re Lopez, 62 Cal.2d 368, 42 Cal. Rptr. 188, 398 P.2d 380; Ruark v. People, Colo., 1965, 405 P.2d 751; State v. Johnson, 1965, 43 N.J. 572, 206 A.2d 737; State v. Davis, 1965, 88 N.J. Super. 528, 212 A.2d 859; People v. Hovnanian, 1964, 22 A.D.2d 686, 253 N.Y.S.2d 241; Levy, Realist Jurisprudence and Prospective Overruling, 109 U.Pa.L.Rev. 1.
The appellant was duly called before the bar of justice of this State, legally tried and convicted of a capital offense, which original trial has received more than adequate judicial review. It is never a pleasant task when the State must be called upon to carry out the penalty for the commission of a capital crime. However, in the orderly process of the administration of justice, all causes must ultimately come to an end. It appears from this record, and from the prior opinions of the Supreme Court of Florida, that the appellant has at all times been adequately represented by capable members of the Florida bar; and the people of this State have a right to expect the mandates of the law to be carried out and judicial process brought to an end.
Therefore, the order of the trial judge here under review is hereby affirmed, and the appellant shall stand subject to the original judgment and sentence.
Affirmed as ordered.