CROSS, Judge.
The appellant, William Parris Mays, filed in the trial court a motion under Rule 3.850 F.R.Cr.P. 33 F.S.A. to vacate judgment and sentence imposed for the crime of manslaughter of which he had been convicted. The motion, in substance, set forth that appellant’s right to an orderly appellate review by direct appeal from the judgment and sentence had been frustrated by his court-appointed attorney’s failure to perfect an appeal. The trial court, after an evidentiary hearing, denied the motion. This appeal then followed.
 It is appellant’s contention on appeal that the trial court erred in denying the motion. Rule 3.850 F.R.Cr.P. 33 F.S. A. was intended to provide a procedure for disposing of post-conviction claims relating to matters which occurred at trial and which affected the constitutional validity of the conviction. Frustration of appeal does not occur during trial and does not affect the validity of a conviction. Thus, Rule 3.850 F.R.Cr.P. 33 F.S.A. is not a procedural vehicle through which a belated appellate review of a judgment and sentence can be obtained.
Where a direct appeal has allegedly been frustrated by state action, the appropriate remedy is to apply for delayed appellate review by petition for writ of ha-beas corpus, directed to the appellate court within the district in which the appellant was convicted. Hollingshead v. Wainwright, 194 So.2d 577 (Fla.1967). Accordingly, the order appealed is affirmed without prejudice to the right of appellant to seek delayed appellate review by a petition for a writ of habeas corpus addressed to this court as authorized under Hollings-head v. Wainwright, supra.
Affirmed.
OWEN, C. J., and McDONALD, PAR- ' KER LEE, Associate Judge, concur.