ON MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND MOTION FOR EXTENSION OF TIME
PER CURIAM.
Appellant has filed herein a Notice of Appeal from a lower court order denying post conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant now moves to supplement the record on appeal in this cause by including therein a transcript of testimony taken at the entry of Appellant’s guilty plea, together with a pre-sentence investigation report considered by the trial judge at sentencing.
Our examination of this appeal reveals that Appellant seeks to have this Court review a lower court order denying post conviction relief upon a finding that a plea of guilty entered by Appellant was freely and voluntarily entered with a full understanding of the constitutional rights waived and the maximum penalty that could be invoked. The order appealed from reveals that Appellant has previously taken a full appeal from this judgment and sentence in Kendrick v. State, 336 So.2d 115 (Fla. 1st DCA 1976). In that case, we considered Appellant’s sole contention that the judgment and sentence imposed therein followed a guilty plea which was involuntary and coerced. Our consideration of that argument included a full review of testimony taken at the entry of the guilty plea, and our decision after that review was to affirm the judgment and sentence of the lower court. We now decline to repeat that judicial labor by considering anew the voluntar-iness of Appellant’s guilty plea. It is well settled that points considered and held not to be error on a plenary appeal from a judgment and sentence will not again be considered on an appeal from denial of post conviction relief. Mears v. State, 232 So.2d 749 (Fla. 3d DCA 1970). Florida Rule of Criminal Procedure 3.850 is not a procedural vehicle through which a belated appellate review of a judgment and sentence can be obtained. Mays v. State, 285 So.2d 637 (Fla. 4th DCA 1973).
Appellant’s Motion to Supplement the Record on Appeal is denied. Appellee’s Motion for Extension of Time is denied but Appellee is granted fifteen (15) days from the date hereof within which to file its brief or any other pleadings, as it deems appropriate, authorized by the Florida Appellate Rules.
IT IS SO ORDERED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.