HUBBART, Judge
(dissenting).
I must respectfully dissent. I would affirm the order under review on the ground that the trial court lacked jurisdiction to entertain the defendant’s motion to vacate under the established law of this state.
The defendant at the time he filed his motion to vacate was pursuing his appellate remedies through a petition for writ of certiorari filed in the Florida Supreme Court in which he sought a reversal of this court’s affirmance of his criminal conviction. So long as the defendant continues to pursue such appellate remedies upon direct review of his criminal conviction, it is settled law that the trial court lacks jurisdiction to entertain a motion to vacate the said conviction under Fla.R.Crim.P. 3.850. Brooks v. State, 209 So.2d 271 (Fla. 1st DCA 1968); Barton v. State, 193 So.2d 627 *1155 (Fla. 2d DCA 1966); Gobie v. State, 188 So.2d 34 (Fla. 3d DCA 1966); Grizzell v. State, 187 So.2d 342 (Fla. 1st DCA 1966). As such, the trial court was eminently correct in summarily denying the defendant’s motion to vacate for lack of jurisdiction.
The orderly administration of justice requires, it seems to me, that the defendant pursue in one court at a time whatever legal remedies he desires to employ in attacking his criminal conviction. While pursuing his appellate remedies, the defendant ought not be allowed to simultaneously seek collateral attack relief in the trial court. Unnecessary confusion and needless expenditure of judicial time and effort are avoided by such a rule. Until today, I had thought that such was the prevailing law on the subject. Now it appears that Brooks v. State, 209 So.2d 271 (Fla. 1st DCA 1968), is no longer good law, and Barton v. State, 193 So.2d 627 (Fla. 2d DCA 1966); Gobie v. State, 188 So.2d 34 (Fla. 3d DCA 1966), and Grizzell v. State, 187 So.2d 342 (Fla. 1st DCA 1966), are in serious doubt. I am not persuaded that we should turn an about face on such decisions in favor of a practice which is dubious at best, and, in all likelihood, will lead to considerable confusion and waste of judicial resources.
By the court’s decision herein, a busy trial judge is required to hold an evidentiary hearing on a motion to vacate, which, if denied, will be a complete waste of time and effort should the Florida Supreme Court later grant certiorari in the cause, quash our decision and reverse the defendant’s conviction. On the other hand, if the trial judge grants the motion to vacate, the Florida Supreme Court will, in effect, be ousted of jurisdiction to further entertain the defendant’s petition for certiorari, an anomaly in itself, after expending, and thus wasting, its judicial labor thereon.
To further complicate the matter, it should be noted that (a) either party may appeal an unfavorable ruling by the trial court on the motion to vacate, and (b) successive motions to vacate may be filed and appeals taken from rulings thereon so long as new grounds are raised in each motion. See Whitney v. State, 184 So.2d 207, 209 (Fla. 3d DCA 1966); 9A Fla.Jur. “Criminal Law” § 540 (1972). By requiring the trial court to entertain such motions and the appellate courts to review rulings thereon regardless of the status of other appellate remedies being simultaneously pursued by the defendant, a practice has been adopted which is likely to lead to the proliferation of a single criminal case in various courts resulting in considerable confusion as to the status of each remedy as well as needless expenditure of judicial time and effort on remedies later mooted at both the trial and appellate levels. Even if this is workable, which I doubt, I see nothing to commend such an unnecessarily complex practice particularly at a time when the state’s judicial resources are already strained by ever increasing caseloads. See England, “1979 Report on the Florida Judiciary,” 53 Fla.Bar.J. 296-305 (1979).
If the defendant herein wants to file and be heard on a motion to vacate in the trial court prior to the Florida Supreme Court’s disposition of his petition for certiorari, he has only to seek an order from the Supreme Court temporarily relinquishing jurisdiction to the trial court for just that purpose. Such is the established practice in this court, and, so far as I am aware, in every other appellate court in this state. It is based on settled law and is both fair and orderly. I see no reason to change it in favor of a practice which is fraught with the difficulties which this decision engenders.
I would affirm.