SCHWARTZ, Judge
(specially concurring).
I concur in the court’s opinion and judgment of reversal. I would add only that, in my view, the result is not contrary to the rule that issues “actually raised”[1] and considered in prior proceedings may not again be presented in a motion under Fla.R. Crim.P. 3.850. Whitney v. State, 184 So.2d 207, 209 (Fla. 3d DCA 1966), cert. denied, 192 So.2d 490 (Fla.1966); see, Jones v. Wainwright, 252 So.2d 570 (Fla.1971); Kendrick v. State, 353 So.2d 1273 (Fla. 1st DCA 1978) (precluding 3.850 claim that plea was involuntary when issue had been determined in previous appeal). This is the case because our earlier decision did not consider the issue before the trial court in the 3.850 proceeding, that is, the merits of Braver-man’s contention that his plea was involuntary; we held only that no evidence had been introduced in support of that allegation of the motion to withdraw the plea. State v. Braverman, 348 So.2d 1183, 1188 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 128 (Fla.1978). Indeed, as the opinion itself clearly shows, Braverman never “actually” litigated the involuntariness claim at any time prior to the 3.850 motion. The fact that he could have done so but did not does not affect his right to post-conviction relief on that ground. Whitney v. State, supra;[2] see, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); 2 Wright, Federal Practice and Procedure (Criminal), § 602 (1969).

. Emphasis, the court’s in Whitney v. State, 184 So.2d 207, 209 (Fla. 3d DCA 1966).

. Judge Barkdull’s opinion in Whitney, supra, 184 So.2d at 209, clearly points out the difference between the res judicata rule in civil cases, which prevents relitigation of all issues which “actually were, should have or could have been raised,” and that in 3.850 proceedings which precludes only questions actually raised.