# Commonwealth *v.* Shrope, Appellant.

*Criminal law—Murder—Pleading — Non vult contendere withdrawing plea—Appeal—Act of March 31, 1860.*

1. The plea of non vult contendere is never allowable in capital cases.

2. Where on the trial of an indictment for murder, the defendant pleads non vult contendere, and the court accepts the plea as the equivalent of a plea of guilty, and after examination of witnesses to fix the degree of guilt, adjudges the degree of the guilt as "murder in the first degree" and passes sentence thereon, such conviction will be set aside on appeal, and the case will be remanded with direction that the defendant have leave to withdraw his plea of non

vult contendere, and plead anew to the indictment, as though such plea had never been entered.

Argued March 3, 1919. Appeal, No. 258, Jan. T., 1919, by defendant, from judgment of O. & T. Northampton Co., April T., 1918, No. 72, finding defendant guilty of murder in the first degree on plea of non vult contendere in case of Commonwealth v. Charles M. Shrope. Before STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Indictment for murder. Before STEWART, P. J.

At the trial the court accepted a plea of non vult contendere, and after the examination of witnesses, fixed the degree as of murder in the first degree, and passed sentence thereon. Defendant appealed.

*Error assigned* was the judgment of the court.

*David B. Skillman,* for appellant.—When the court accepted the plea non vult contendere in this case, it was at that point precluded from finding the defendant guilty of any degree of murder higher than second. Even if the plea be given the same force as a plea of guilty, the defendant, put to extremity, pleaded guilty to murder of no higher degree than all murder is presumed to be, namely, second degree: Com. v. Drum, 58 Pa. 9; Com. v. McMurray, 198 Pa. 51; Com. v. Barner, 199 Pa. 335.

From another angle the court by accepting the plea was precluded from finding the defendant guilty of any degree of murder higher than second. Procedure of this sort is inconsistent with the acceptance of the non vult contendere plea: Com. v. Holstine, 132 Pa. 357; Com. v. Ferguson, 44 Pa. Superior Ct. 626; Tucker v. United States, 196 Fed. Rep. 260.

The plea non vult contendere was, in its origin, only acceptable in cases where a small fine was imposed: 2 Hawk., P. C. c. 31, sec. 3.

In Pennsylvania it has been extended to cases where imprisonment is the punishment: Com. v. Holstine, 132 Pa. 357; Com. v. Ferguson, 44 Pa. Superior Ct. 626.

But in Tucker v. United States, 41 L. R. A. 70, it is held that in the absence of statutory authority the plea is not acceptable where the sentence is imprisonment.

*Frank P. McCluskey*, for appellee.—The plea of nolo contendere is a mild form of pleading guilty: Buck v. Commonwealth, 107 Pa. 486.

OPINION BY MR. JUSTICE STEWART, March 24, 1919:

The appellant was under indictment in the Oyer and Terminer Court of Northampton County charging him with the crime of murder. Upon being arraigned he pleaded non vult contendere. This plea was accepted by the court on the assumption that it was the equivalent of a plea of guilty, and the court thereupon proceeded by examination of witnesses to determine the degree of guilt. At the conclusion of the examination, in open court, the defendant and his counsel being present, the court adjudged and determined that the degree of defendant's guilt, "convicted by his own confession," was "murder of the first degree." Exceptions to the order and findings of the court were dismissed, and thereupon the appropriate sentence of the law, death by electrocution, was pronounced upon and against the defendant. This appeal followed. While there are several assignments of error we may confine the discussion to a single point raised by the appeal from the adjudication, namely, was error committed by the court in accepting the plea of non vult contendere as a plea of guilty, and proceeding thereunder to determine by examination of witnesses the degree of the crime and pronouncing of sentence accordingly? If this was error, it was of such serious import that a reversal of the judgment must follow inevitably. It is only in cases where a defendant charged with murder "shall be convicted by confession," that the court shall proceed by

examination of witnesses to determine the degree of guilt and give sentence accordingly, whether of the first or second degree, Act of 31st March, 1860, P. L. 382. The question immediately arises, was this appellant "convicted by confession" of the crime of murder with which he stood charged? Certain it is that except as the plea of non vult contendere entered in the case is in its legal acceptation a confession of guilt, the appellant did not stand convicted upon confession or otherwise, and the proceeding to determine the degree of the crime with which he was charged was extra judicial and determined nothing. That the plea of non vult contendere is allowable in our jurisdiction, when entered with the leave of court, is conceded. Our reports contain a number of cases where it has been allowed, and the recognition it has received in them is too emphatic to dispute its admissibility under certain conditions; but this court has yet to recognize its applicability beyond cases involving, at most, imprisonment as the penalty, and in allowing it to this extreme limit we have extended it by judicial construction beyond the purpose for which it was originally intended and designed, which was simply to enable one charged with a misdemeanor to commute the penalty affixed by the payment of a fine. It is a stranger to our statutes, known only to our common law as imported and adopted by us by Statute of 28th January, 1777. Under the common law as it stood at that period the plea when allowed was at most an implied confession of guilty, but only in cases less than capital. The rule is thus stated by Hawkins in Pleas of the Crown, Vol. 2, 8th Eng. Ed. p. 466—"An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine: in which case, if the court think fit to accept of such submission......the defendant shall not be estopped to plead not guilty to an action for the same fact," etc. In Chitty's Criminal Law, 4th Amer. Ed. from 2d London Ed. *431, the rule is

thus stated—"An implied confession is where, in a case not capital, a defendant does not directly own himself to be guilty, but tacitly admits it by throwing himself on the king's mercy, and desiring to submit to a small fine, which the court may either accept or decline, as they think proper. If they grant the request, an entry is made to this effect, that the defendant non vult contendere cum domina regina et posuit se in gratiam curiae." So far as we can learn the plea was never regarded as more than an implied admission of guilt, either in England or in this country, unless in states, of which Massachusetts is an example, where it is made the subject of statutory regulations. But the express point we wish to enforce is that neither in England nor in this country has the plea ever been allowable in capital cases. A distinguished American author, Mr. Bishop, in his New Criminal Procedure, 2d Ed., Section 802, has this to say in regard to it—"It is pleadable only by leave of court, and in light misdemeanors." The reason for this limitation becomes apparent when we consider the extreme penalty that follows a conviction in what we call capital cases. The law is scrupulous to a degree in such cases to throw about the accused every reasonable protection, and requires that before conviction his guilt must be established by evidence which excludes all reasonable doubt. An implied confession of guilt cannot rise to the degree of certainty which would make it the equivalent of an express confession. In State v. La Rose, 71 N. H. 435, it is said—"The plea is in the nature of a compromise between the state and the defendant—a matter not of right, but of favor. Various reasons may exist why a defendant conscious of innocence may be willing to forego his right to make defense if he can be permitted to do so without acknowledging his guilt. Whether in a particular case he should be permitted to do so, is for the court." In Doughty v. DeAmoreel, 22 R. I. 158, referring to the plea of non vult, this is said—"Doubtless it is often used as a substitute for a plea of guilty, but it simply says

that the defendant will not contend.  This is not a confession of guilt, because an accused person might find himself without witnesses to establish his innocence, from their death, absence, or other cause, and hence waive a fruitless contest."  A very instructive discussion of the origin and limitations of the rule we are considering may be found in the case of Tucker v. United States, as reported in L. R. A. 41, N. S. p. 70.  The authorities we have cited are there reviewed along with others, and the conclusions reached therefrom are thus stated—"The allowance of the 'implied confession' as a nolo contendere plea, thus defined to be the defendant's yielding to mercy in the punishment, 'and desiring to submit to a small fine,' necessarily implies, as we believe, that the case for such allowance must be within the class of misdemeanors for which punishment may be imposed by fine alone, although the offense may as well be punished by imprisonment, at the discretion of the court, either as an alternative of fine, or in addition thereto, or to enforce payment of the fine.  That such desire (or request, express or implied) on the part of the accused 'to submit to a small fine' can neither serve to limit the fine to the minimum prescribed for the offense, nor constitute the measure of fine which may be imposed within the exercise of judicial discretion,—that 'a small fine' is thus mentioned in the rule as a relative term, intending substantially less than the maximum,—we have no doubt.  This provision, however, for such purpose in the submission, as the object sought by the defendant in electing to submit without contest, requires construction of the rule accordingly, as limited to cases consistent with the purpose thus declared.  So defined, the rule affords no ground for entertaining the plea, either in cases of felony, requiring infamous punishment to be imposed on conviction, or in cases of misdemeanor, for which the punishment must be imprisonment for any term, with or without a fine.  Constrained to this interpretation of the narrow purpose and use of the plea at common law, by the express pro-

visions of the rule thus handed down, we believe exten-
sion of the allowance to include even misdemeanors for
which imprisonment must be imposed is unauthorized,—
however desirable it may seem,—without statutory pro-
vision therefor."

In the opinion filed by the learned president judge in
the present case he cites as sustaining his view that the
plea of non vult contendere is the same as the plea of
guilty, from our own authorities, the cases of Buck v.
Com., 107 Pa. 486; Commonwealth v. Holstine, 132 Pa.
357, and Com. ex rel. v. Jackson, 248 Pa. 530. Our pur-
pose has been to show that such plea is not admissible in
capital cases, not disputing its applicability when the
offense charged is of low grade. In the first of these cases
the question was whether the plea of nolo contendere by
the principal (no judgment or sentence having been im-
posed) was admissible in evidence on the trial of one
charged as an accessory. It was held inadmissible be-
cause, even though the equivalent of a confession by the
principal, it was as to the accessory res inter alias acta,
and that the confession by the principal is not admissible
upon the trial of the accessory to prove the guilt of the
principal. The crime there charged was robbery. We
have found no case in Pennsylvania, nor has our atten-
tion been directed to any, where the plea was held avail-
able in cases where the charge was robbery or other crime
of like magnitude. The case cited does not rule the
point, and no warrant can be found in it for the conclu-
sion reached by the president judge in this. In the case
of Commonwealth v. Holstine, next cited, the plea was
admitted where the offense charged was unlawful sales
of intoxicating liquor. And it was there held on the au-
thority of Buck v. Commonwealth, supra, that the plea
"though not technically a plea of guilty, is so substan-
tially and justifies the court in imposing sentence." The
other of the cases arose on a suggestion for a writ quo
warranto which alleged that the defendants who were
school directors had been separately indicted charged

with soliciting and accepting a bribe to influence their votes in their capacity as such officers; that they had each entered a plea of nolo contendere and that judgment had been entered against them.   It was there held that the plea precluded defendants from averring in quo warranto proceedings that they had not been convicted of the offense charged.   As will be seen neither of these cases affords any ground whatever for the contention that the plea is available to one charged with a capital offense. We may add that in our examination of the subject we have discovered none here or in other jurisdictions, nor has our attention been directed to any, which support any such view.   In the very copious annotations to the case of Tucker v. United States, supra, L. R. A., the editor's research has discovered no case in which the plea has been admitted where the offense charged was of higher grade than statutory felony, the large majority of those cited being where simple misdemeanors were charged.   Certainly there can be no reason for extending its applicability to the higher crimes, and it may well be doubted at this day, in view of the significance given it by our own adjudications, when used within narrow limits, whether even as to these it has longer any proper purpose to serve; for if as to these it be the equivalent of a plea of guilty, as said in several of our cases where misdemeanors were charged, the distinction between the two is a distinction without a difference and not worth preserving.   However this may be, we decide nothing here with respect to its use except that it is not a plea allowable in a capital case.   It follows that the first assignment of error must be sustained.

The judgment accordingly is reversed, and the record is remanded with direction that appellant have leave to withdraw his plea of non vult contendere formerly pleaded and plead anew to the indictment as though such plea had never been entered.