# CHARLESTON.

F. L. SCHAD *v*. F. A. MCNINCH, *Sheriff, etc.*

(No. 5693)

Submitted January 18, 1927.   Decided January 25, 1927.

1.   CRIMINAL LAW—*Conviction Before Mayor for Intoxication on
     Street Does Not Bar Prosecution Before Justice of Peace
     for Operating Car on Highway While Intoxicated (Code, c.
     43, §§ 88, 190; c. 50, § 220).*

     Conviction before a mayor for a violation of an ordinance
     inflicting punishment for appearing on a public street in an
     intoxicated condition is not a bar to a prosecution before a
     justice for operating a motor car on a public highway when
     under the influence of intoxicating liquor.   The two offenses
     are different.   (p. 45).

     (Criminal Law, 16 C. J. § 453.)

2.   SAME—*Evidence by Court is in Effect Equivalent to "Plea of
     Guilty"; Plea of Nolo Contendere Cannot be Used Against
     Defendant as Admission in Any Civil Suit for Same Act;
     Conviction Follows on Plea of Nolo Contendere, as Well as
     on Plea of Guilty; Court May Accept or Decline Plea of
     Nolo Contendere in Its Discretion (Code, c. 152, §22; Const.
     Art. 8, § 21).*

     A plea of *nolo contendere,* when accepted by the court, is, in
     its effect upon the case, equivalent to a plea of guilty.   It is
     an implied confession of guilt only, and cannot be used against
     the defendant as an admission in any civil suit for the same
     act.   The judgment of conviction follows upon such plea, as
     well as upon a plea of guilty.   But there is a difference be-
     tween the two pleas in that the defendant cannot plead *nolo
     contendere* without leave of the court.   If such plea is tend-
     ered, the court may accept or decline it in its discretion.
     (p. 47).

     (Criminal Law, 16 C. J. §§ 739, 3012.)

3.   SAME—*Plea of Nolo Contendere Accepted Cannot be With-
     drawn and Plea of Not Guilty Entered, Except by Leave of
     Court; Appellate Court Will Not Interfere With Trial
     Court's Ruling on Application to Withdraw Plea of Nolo
     Contendere and Substitute Plea of Not Guilty, Except for
     Abuse of Discretion.*

     Such a plea, if accepted, cannot be withdrawn and a plea of
     not guilty entered, except by leave of the court in the exercise

of a sound discretion, and the appellate court will not inter-
fere, except in a case of the abuse of that discretion. (p. 49).

(Criminal Law, 16 C. J. § 732; 17 C. J. § 3619 [Anno].)

4.   SAME—*Court May Impose Sentence Under Plea of Nolo Con-
     tendere in All Cases of Misdemeanor, in Absence of Statute
     to Contrary.*

Under authority of the common law, in the absence of a
statute repugnant thereto, the court may impose sentence un-
der such plea in all cases of misdemeanor. (p. 49).

(Criminal Law, 16 C. J. §§ 739, 3012.)

5.   HABEAS CORPUS—*Judgment of Court Having Jurisdiction,
     Valid on Face, Cannot be Overthrown on Habeas Corpus
     For Reasons Not Rendering it Void; Remedy Being Appeal.*

Where there is a judgment of a court of competent juris-
diction, valid upon its face, and under which a petitioner is
imprisoned, it cannot be overthrown on writ of habeas corpus
in a collateral attack for reasons which do not render it
absolutely void, but he will be left to his remedy by appeal.
(p. 50).

(Habeas Corpus, 29 C. J. §§ 11, 19.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Marshall County.

Habeas corpus by F. L. Schad against F. A. McNinch,
Sheriff of Marshall County. Order dismissing the writ and
sustaining a motion to quash it, and petitioner brings error.

*Affirmed.*

*Everett F. Moore,* for plaintiff in error.

WOODS, JUDGE:

This writ of error is prosecuted from a judgment of the
circuit court of Marshall county in dismissing the writ of
habeas corpus on the hearing thereof.

F. L. Schad, the petitioner, was arraigned before the mayor
of Moundsville on a charge of appearing in public view on a
street of said city in a state of intoxication, pleaded guilty and
was fined. Shortly after he was arrested and brought before
the justice for unlawfully operating an automobile on the pub-
lic highway within the county of Marshall and state of West
Virginia while under the influence of intoxicating liquors and
in an intoxicated condition. To this latter charge he pleaded

not guilty. He was found guilty and sentenced to sixty days in jail and payment of a fine of twenty-five dollars. An appeal was taken to the circuit court, where defendant tendered the plea of *nolo contendere,* which was accepted by the court, and a sentence pronounced of sixty days in jail and a fine of twenty-five dollars and costs. He was later arrested on a capias and placed in jail. Schad then petitioned the circuit court for a writ of habeas corpus, setting up the facts above stated, together with certified copies of the orders entered in each instance, and alleging that he was being unlawfully detained by the sheriff of Marshall county in said county jail. On the return day the respondent, F. A. McNinch, sheriff and ex-officio jailor of Marshall county, filed his return, and moved to quash the writ, and upon the hearing the court dismissed the writ and sustained respondent's motion to quash the same. It is from this order that the petitioner prosecutes this writ, assigning as error (1) that the justice did not have jurisdiction; (2) that the circuit court did not have authority to sentence him to confinement in jail upon the plea of *nolo contendere;* and (3) that the judgment of the circuit court was void.

1.

It is contended that the court erred in holding that the further prosecution of the petitioner on appeal from the judgment of said justice was not barred by §220, Chapter 50, Code. That part of said section relied on in this case is as follows: " * * * where any person has been convicted in the municipal or police court of any incorporated town or city such conviction shall be a bar to any criminal proceeding before a justice for the same offense." To sustain his position, the petitioner cites *Moundsville* v. *Fountain,* 27 W. Va. 194. The record here, by certified copy from the mayor's court, shows that defendant "did disturb the peace and good order of said city by appearing in public view, at or near Eighth Street in said city, in a state of intoxication in violation of * * * the revised ordinances of the City of Moundsville;" that he pleaded guilty and was assessed a fine of Five Dollars and costs. The offense for which he was later arraigned before the justice was "that

he did commit a misdemeanor in this, that he * * * on the...........
day of December, 1924, in said county, did unlawfully operate
a motor vehicle commonly called an automobile on the public
highway within said county and state when under the influ-
ence of intoxicating liquors and in an intoxicated condition."
The latter offense is made a misdemeanor under §88, Chapter
43, Code. The justice is given concurrent jurisdiction with
the circuit court to enforce such misdemeanor penalty. Code,
Chapter 43, §190. In the *Fountain* case the offense charged
as a violation of the city ordinance was the same as the crime
defined in chapter 32, §1, Code. It was unquestionably the
same offense. The court held that the provision of the statute
law conferring the power on the city to enforce such ordinance
did not violate any of the provisions of the Constitution. This
court upheld the conviction under the municipal ordinance.
We do not see its application to the case here. From the
exhibits with the defendant's petition, already quoted from,
it is seen that the offense on which he was convicted in the
municipal court is not the same offense charged in the warrant
of the justice. The one is purely an offense against the city
and the other is made a misdemeanor by the statute. The
gravity of the latter is such that a second conviction on a like
charge is made a felony. One offense is charged to have been
upon the streets of the city, while the other charges the offense
as taking place on the public highway. The section of the
statute (Chapter 50, Section 220) attempted to be invoked
here by the petitioner, does not apply.

2.

Was error committed by the court in accepting the plea of
*nolo contendere* as a plea of guilty, and proceeding there-
under to sentence the defendant to fine and imprisonment?
This plea is a stranger to our statutes, known only to the
common law as adopted by our Constitution. Under the
common law, the plea was an implied confession of the crime
of which defendant was charged. 1 Burn's Just. 388; 2
Hawk's P. C. 225. The difference between this implied con-
fession and the express confession by the plea of guilty is,
that after the latter not guilty cannot be pleaded to an action

of trespass for the same injury, whereas it may at any time be done after the former. Chit. Crim. L. 293. In fact, the only difference between the significance of the two pleas is in the force each has upon a collateral proceeding. *Peacock* v. *Judges,* 46 N. J. L. 112. The implied confession is only for the purpose of the prosecution, in the course of which it is entered, while the plea of guilty in that form may be used against the defendant in a civil suit. 1 Bish. Crim. Pro. §802; 1 Wharton Crim. L. § 533. While a leading American text book on criminal law and procedure (1 Bish. Crim. Pro. §802) states that "it is pleadable only by leave of the court, and in light misdemeanors", with the exception of *Tucker* v. *U. S.,* 196 Fed. 260, holding such a plea not proper in misdemeanors where imprisonment must be inflicted, and *Commonwealth* v. *Shrope,* 264 Pa. 246, holding the plea improper in a capital case, we find no judicial ruling, English or American, which either expressly so limits the plea or designates the class of cases wherein it may be accepted. The effect of *Tucker* v. *U. S., supra,* as authority, so far as the federal courts are concerned, wherein their ruling is based on the common law, is offset by *U. S.* v. *Lair,* 195 Fed. 47, and *Hartwell* v. *U. S.,* 3 Cliff. 221, Fed. Cas. No. 15,318, where the defendants in each instance were sentenced to imprisonments in the penitentiary for statutory felony. Notwithstanding the *Shrope* Case, the state of Pennsylvania is committed to the doctrine that such plea may be accepted or declined by the trial court at its discretion in misdemeanors where both fine and imprisonment are imposed under the statute. *Commonwealth* v. *Holstine,* 132 Pa. 357; *Buck* v. *Commonwealth,* 107 Pa. 486; *Commonwealth* v. *Ferguson,* 44 Pa. Super. Ct. 626. Like procedure has been upheld in other jurisdictions, where there is no governing statute. *Philpot* v. *State,* 65 N. H. 250; *Commonwealth* v. *Tilton,* 8 Metc. 232; *Barker* v. *Almy,* 20 R. I. 367; *State* v. *Herlihy,* 102 Me. 310. The court held in the foregoing cases that such plea, although not technically a plea of guilty, is so in substance and justifies the court in imposing sentence upon the defendant. The supreme court of New Jersey sanctioned a plea of *nolo contendere,* as equivalent to a plea of guilty in a charge of conspiracy, under which defendant was sentenced

to state prison.   In *Honaker* v. *Howe,* 19 Gratt. 54, it was held that the practice of pleading *nolo contendere* does not prevail in Virginia, giving as a reason therefor that the fines in certain cases must, under their statute, be assessed by the jury, and not by the court as in England and in the states which follow the common law.   At least this line of reasoning fails of application to this state since 1882, when the Legislature placed this power wholly upon the court.   §22, Chapter 152, Code.   It seems that statutory provision concerning this plea obtains only in the states of Massachusetts and Colorado. As to pleas in criminal cases, our statute provides the course to pursue only where the prisoner refuses to plead or answer and does not confess his guilt.   §2, Chapter 159, Code.   Where our code provides no criminal procedure it follows the common law.   Article 8, Sec. 21, Constitution of West Virginia.   Amid this contrariety of decision, in the absence of statutory regulation, we are of opinion to base our authority for its use in our state on the common law.

According to the quoted decisions involving the common law construction of such a plea, the weight of authority authorizes courts to entertain it, or not, at their discretion, in that class of misdemeanors for which punishment must be imposed by fine, imprisonment, or both.   Applying this principle to the case under consideration, what have we?   A plea of not guilty was interposed before the justice.   The record of the circuit court shows that "this day came the defendant in this action and entered a plea of *nolo contendere* to the complaint and warrant", and thereupon "the court considered, adjudged and ordered that the defendant be confined in the Marshall county jail for a period of sixty days" and pay a fine of Twenty-five Dollars.   This was the minimum imprisonment and fine under the statute.   The maximum penalty thereunder being a fine of One Hundred Dollars and imprisonment for six months.   §88, Chapter 43, Code.   The plea of not guilty entered before the justice was not withdrawn.   The general rule is stated in 16 C. J. p. 1270, to be: "that in absence of a statute to the con-

trary where the defendant enters a plea of *nolo contendere* or
guilty it is the right and duty of the court to pronounce sen-
tence the same as though a verdict of guilty had been found
against him without any independent adjudication of guilt,
even though other pleas were not expressly withdrawn.'' Al-
though not directly stated to have been accepted, the record
showing that the defendant pleaded *nolo contendere,* and there-
upon the court passed sentence upon him, it may be held that
it showed an accepted plea, because the action of the court
thereupon would clearly import that it had been accepted.
But, though the plea be valid, the defendant charges in his
petition to the circuit court for a writ of habeas corpus that
said plea ''was entered for petitioner by his counsel without
his knowledge or consent and through a misapprehension of
the law and the facts''.   We have held in *State* v. *Stevenson,*
64 W. Va. 392, that it is a matter of sound discretion of the
court, reviewable here for any abuse thereof, whether it will
permit a defendant to withdraw his plea of guilty and plead
anew his plea of not guilty and have a trial thereon by a jury,
and we think the same rule would apply where a withdrawal of
a plea of *nolo contendere* is involved.   What we decide is that
the judgment of the circuit court, under which the appellant
is imprisoned, cannot be overthrown in the collateral attack
here made upon it.   For all irregularities that may intervene in
the trial and the progress of the criminal cause, the statute pro-
vides a remedy by appeal.   The doctrine of all the cases being
that, where such remedy is provided, defendants imprisoned
under judgments, and seeking to overthrow them for reasons
which do not render them absolutely void, will be driven to
seek a remedy by appeal or other direct proceedings. *Ex parte
Beavers,* 80 W. Va. 34; *Ex parte Barr,* 79 W. Va. 681; *Frank-
lin* v. *Brown,* 73 W. Va. 727; *Ex parte Mooney,* 26 W. Va. 36;
*State* v. *Plants,* 25 W. Va. 119; 29 C. J. 27.   A judgment by
a court of competent jurisdiction, valid upon its face, and a
valid commitment under it, is an unanswerable return to a
writ of habeas corpus.   This writ is not to take the place of a
writ of error or a court of appeals.   So, whether by writ of
error the judgment can be vacated and a plea of *nolo con-*

*tendere* withdrawn and a plea of not guilty substituted, and a trial before a jury had thereon, on the ground that it was entered by defendant under the adventitious circumstances set out in his petition, and through such accident, mistake or misfortune justice had not been done, and that a further hearing should be had, is a question that need not now be considered.

### 3.

Another point of error made by the defendant is that he was absent from court when the plea of *nolo contendere* was entered by his counsel. The cases of *State* v. *Campbell*, 42 W. Va. 246, and *State* v. *Dolan*, 58 W. Va. 263, are cited in support of this contention. These cases were where a sentence of imprisonment was imposed in the absence of the defendant. It is error to render judgment of imprisonment in any case in the absence of the defendant. This is not the case here. The record shows his presence, and this fact in the record is not negatived in his petition for habeas corpus; hence this claim of error falls.

The circuit court did not err in dismissing defendant's petition for habeas corpus.

*Affirmed.*