197 So.2d 497 (1967)
Howard SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 35574.
Supreme Court of Florida.
April 12, 1967.
*498 Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Stanley D. Kupiszewski, Jr., Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The record in this case presents a situation of immense import, especially to the appellant, Howard Smith, and generally to defendants, charged with capital offenses who may entertain the thought of pleading nolo contendere or, for that matter, pleading guilty.
The history of the procedure followed in this case brings into focus the trouble-some problem submitted to us for resolution. On 21 March 1966 the appellant was indicted for the crime of rape. Three days later he was arraigned and entered a plea of not guilty. The following month he changed his plea to one of nolo contendere evidently because various persons had reported that the trial judge was personally opposed to capital punishment and he believed that in such circumstances the judge would refrain from imposition of the extreme penalty. Just here we interpolate that in entering such a plea he took a calculated risk that the judge, after all, might inflict the death penalty and the judge was certainly not bound by such information as the appellant had gathered about the judge's personal attitude on the subject. So it might appear that the appellant had fallen into a trap, but if so, it was one that he himself had helped set.
But the problem is not as simple at that. Before proceeding to the more difficult facets of the case, we will resume the history of the procedure. Three days after the plea was changed from not guilty to nolo contendere the judge took testimony without the intervention of a jury, found the defendant guilty and, the next day, sentenced him to execution by electrocution. Then the judge denied motions to reconsider and to allow withdrawal of the plea of nolo contendere combined with an offer to proceed to trial. The following month the appellant filed his notice of appeal to this court and copy of the notice was served on the state attorney by an assistant public defender.
From this record emerges the primary question whether or not a plea of nolo contendere is acceptable in a capital case. The State finds in Peel v. State, 150 So.2d 281 (Fla.App. 1963), support for the position that pleas of nolo contendere are entirely appropriate in capital cases but we do not discover in that decision the occasion for the direct holding on that legal problem. Peel was indicted for being an accessory before the fact to the crime of murder in the first degree and was sentenced to life imprisonment. True, his plea had been one of nolo contendere. But no death sentence became involved. Moreover, the plea was entered on condition that the defendant would be given a life sentence. Indeed the court commented that by making such a plea and "receiving a life sentence, the defendant took his case from under the capital case category." The court enlarged on this by stating, we apprehend by pure obiter dictum, that since this court had sanctioned pleas of guilty in capital cases there was "no reason why a plea of nolo contendere * * * [could not] also be accepted in such a case." According to the Attorney General's brief the ultimate decision in Peel was that the plea of nolo contendere was acceptable "wherein a life sentence [was] imposed."
There is much general law for the proposition that one who pleads nolo contendere must suffer the consequences and may be meted punishment within the limits prescribed in the statute denouncing the offense. See treatment in 89 A.L.R.2d *499 beginning at page 540. Even so, we incline to the view of the Supreme Court of Pennsylvania that such pleas are not allowable in capital cases. Commonwealth v. Shrope, 264 Pa. 246, 107 A. 729, 6 A.L.R. 690. We are largely influenced in this direction by Sec. 912.01, Florida Statutes, F.S.A., providing that in all cases "except where a sentence of death may be imposed trial by jury may be waived by the defendant." (Italics supplied.) Certainly the practical effect of the plea of nolo contendere is the waiver of trial by jury and the placing of the defendant at the mercy of the court.
In 89 A.L.R.2d 556 supplementing 152 A.L.R. 261, we find the statement "the courts are unanimous in holding that in the absence of a statute to the contrary, the courts cannot accept a plea of nolo contendere to an indictment for a capital offense for for [sic] which capital punishment is prescribed."
Relevant to the question with which we are struggling is Sec. 919.23(2) Florida Statutes, F.S.A., providing that
"Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; or if found by the judge of the court, where there is no jury, to be entitled to a recommendation to mercy, shall be sentenced to imprisonment for life, at the discretion of the court." (Italics supplied.)
In the light of statutes we have cited and in the absence of any statutory law dealing with recommendation of mercy upon a plea of nolo contendere we are impelled to the conclusion that such a plea in a case like the present one is inappropriate. We think the judge was wrong when he accepted the plea in the first place and compounded the error when he rejected the effort of the appellant to withdraw it.
The judgment is reversed with directions to permit the withdrawal of the plea of nolo contendere and to proceed thenceforth as if no such plea had been filed.
ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.
THORNAL, C.J., and O'CONNELL, J., agree to conclusion.