199 So.2d 340 (1967)
Nick ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 7207.
District Court of Appeal of Florida. Second District.
May 31, 1967.
*341 John J. Duffy, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal from a judgment of conviction and sentence of life imprisonment imposed in the Pinellas County Circuit Court upon an indictment charging defendant Nick Roberts, appellant here, with first degree murder.
The indictment for the capital offense was returned on January 11, 1966, charging defendant Roberts with the murder of one Joe Louis Carter by shooting him with a gun on September 10, 1965. Upon arraignment on January 20, 1966, Roberts entered a plea of not guilty. The case was set for trial on March 7, 1966, but before that date, on March 4, 1966, Roberts moved in open Court for permission to withdraw his plea of not guilty and to enter a plea of nolo contendere, which latter plea the Court accepted, only, however, after careful inquiry by the Court of defendant Roberts to establish the fact that his change of plea was not a result of any inducement, promises of leniency, or promise of probation or any other inducements offered him to influence his decision and that his entry of such plea was free and voluntary.
Thereafter, on March 7, 1966, the able Circuit Judge, Hon. Charles M. Phillips, Jr., heard sworn testimony in open Court from witnesses for the State, the defendant not caring to testify or adduce any evidence otherwise in his own behalf, and thereupon found and adjudged defendant Roberts to be guilty of murder in the first degree and accordingly sentenced him to life imprisonment.
During these entire Court proceedings, from the return of the indictment to and through March 7, 1966, defendant was represented by competent counsel, who actively participated in his behalf and who, at the conclusion of the testimony, made an earnest plea that the Court adjudicate the defendant guilty of a lesser degree of unlawful homicide.
On June 3, 1966, Roberts filed his Notice of Appeal from the judgment and sentence so entered against him. He was thereupon adjudged insolvent and the Court appointed counsel to represent him on this appeal. Defendant has had the benefit of able counsel at every stage of the proceedings, both in the lower Court and in this Court.
The sole point urged here for reversal is that, while the trial Judge properly exercised his right, if not duty, to hear sworn testimony as to the merits of the charge, even though the plea was one of nolo contendere, the finding and adjudication of first degree murder was unwarranted because the evidence was insufficient to establish premeditated design, an indispensable element of the ultimate charge; citing State v. Febre, 1945, 156 Fla. 149, 23 So.2d 270, a case with which the writer is personally familiar.
But we are summarily stymied on the threshold of considering the appeal upon the merits because of the recent decision of *342 the Supreme Court of Florida in Smith v. State, 197 So.2d 497, opinion filed April 12, 1967, not yet published in the printed reports, and which opinion has now become final in absence of filing of petition for rehearing. In the cited case, the Supreme Court has held flatly that a plea of nolo contendere may not be received or accepted by the trial Court in response to an indictment charging a capital offense, as here. Mr. Justice Thomas, speaking for the Court, at the outset of his opinion in Smith says that the case "presents a situation of immense import * * * to defendants, charged with capital offenses who may entertain the thought of pleading nolo contendere * * *".
The record facts before the Court in Smith are strikingly parallel to those in the case sub judice, both cases originating upon indictments for capital offenses in the same Court and being remarkably contemporaneous in point of time. It is needless to mention that the trial Court here had neither the benefit or even a premonition of the later holding in Smith, because actually the trial Court proceedings in the latter case occurred a few days after such proceedings in the instant case. The Supreme Court states the basic record facts in Smith in the following language:
"On 21 March 1966 the appellant was indicted for the crime of rape. Three days later he was arraigned and entered a plea of not guilty. The following month he changed his plea to one of nolo contendere * * *. Three days after the plea was changed from not guilty to nolo contendere the judge took testimony without the intervention of a jury, found the defendant guilty and, the next day, sentenced him to execution by electrocution. Then the judge denied motions to reconsider and to allow withdrawal of the plea of nolo contendere combined with an offer to proceed to trial. The following month the appellant filed his notice of appeal to this court * * *."
The Court first states, and then decides, the question before it, as follows:
"From this record emerges the primary question whether or not a plea of nolo contendere is acceptable in a capital case.
* * * * * *
"In the light of statutes we have cited and in the absence of any statutory law dealing with recommendation of mercy upon a plea of nolo contendere we are impelled to the conclusion that such a plea in a case like the present one is inappropriate. We think the judge was wrong when he accepted the plea in the first place and compounded the error when he rejected the effort of the appellant to withdraw it.
"The judgment is reversed with directions to permit the withdrawal of the plea of nolo contendere and to proceed thenceforth as if no such plea had been filed."
The opinion in Smith makes it crystal clear that its holding is broad enough to cover all instances where a plea of nolo contendere is sought to be interposed in a capital offense case regardless of whether the trial Court ultimately imposes the supreme penalty or equates the usual jury's recommendation of mercy and sentences to life imprisonment. The Court noted, but expressly rejected as obiter dictum and also upon other considerations, the holding in Peel v. State, Fla.App. 1963, 150 So.2d 281, which apparently had upheld the acceptance of such plea of nolo contendere in a capital case, where the trial Court had elected to impose sentence of life imprisonment rather than death by the electric chair.
What this Court, without the binding force of Smith, might have done in deciding the instant appeal upon the merits is strictly academic. The Supreme Court has spoken, clearly and unmistakably. Its decisions are binding here. We have no alternative but to follow.
We must accordingly reverse the judgment appealed from "with directions to *343 permit the withdrawal of the plea of nolo contendere and to proceed thenceforth as if no such plea had been filed".
Reversed, with directions.
SHANNON, Acting C.J., and LILES, J., concur.