PIERCE, Judge.
This case is an appeal by appellant Joseph A. Peel, Jr., from an order denying without hearing his petition brought before the lower Court under former Rule 1, for relief from a judgment of conviction theretofore entered against him.
On November 23, 1960, Peel was indicted by the Palm Beach County grand jury charged with being an accessory before the fact to the first degree murder of Marjorie M. Chillingworth. One Floyd A. Holzapfel was charged in the same indictment as principal in the first degree. While the jurors to try Peel were being interrogated upon their voir dire, he elected to withdraw his plea of not guilty and enter a plea of nolo contendere “to the indictment”. The circumstances under which such change of pleas were made are set forth in the brief on behalf of Peel filed here, as follows:
“The withdrawal of the plea of not guilty and the entry of a plea of nolo contendere was done upon the provision, agreed to in advance by the State and agreed to in advance by the Court, that the sentence imposed upon the appellant would be a life sentence, and such a sentence was imposed by the Court pursuant to this agreement. (See Peel v. State of Florida, 150 So.2d 281, decided by this Second District Court of Appeal of Florida in 1963.)”
Peel thereupon began serving his sentence of life imprisonment. On September 19, 1967, he filed his petition under then Criminal Procedure Rule No. 1 (now shown in the compilations as CrPR 1.850, 33 F. S.A.), asserting that the trial Court, which was the Polk County Circuit Court (to which the original trial of the cause had been transferred upon changes of venue) had been “without jurisdiction” to accept a plea of nolo contendere to a capital offense. The petition prayed that the adjudication of guilt and sentence imposed by the trial Court he vacated as void and he he granted a new trial upon the original indictment.
The trial Judge, Circuit Judge A. H. Lane, denied the petition in a very lucid and succinct order, which we herewith approve and adopt as a part of this opinion, as follows:
“The Petition Under Rule No. 1, Florida Rules of Criminal Procedure heretofore filed by and on behalf of Joseph A. Peel, Jr., has been considered by the Court and the Court finds that the Petition and files and records of the case conclusively show that the petitioner is entitled to no relief on the grounds stated in the Petition. In the case of Peel v. State, Fla., 150 So.2d 281, the District Court of Appeal of Florida, Second District, held the petitioner, Joseph A. Peel, Jr., to have removed his case from under the capital case category by pleading nolo contendere on condition that he would receive a life sentence. In the case of Smith v. State, Fla., 197 So.2d 497, the Supreme Court of Florida held that the plea of nolo contendere is not allowable in capital cases. In its opinion, the Supreme Court considered and distinguished the circumstances of the Peel case from the circumstances of the Smith case and said in part as follows:
“ * * * Peel was indicted for being an accessory before the fact to the crime of murder in the first degree and was sentenced to life imprisonment. True, his plea had been one of nolo contendere. But no death sentence became involved. Moreover, the plea was entered on condition that the defendant would be given a life sentence. Indeed the court commented that by making such a plea and ‘receiving a life sentence, the defendant took his case from under the capital case category.’ ” * * *
It therefore appears that the grounds for relief stated in the Petition Under Rule No. 1, Florida Rules of Criminal Pro *16 cedure, now before this Court have heretofore been considered and held to be without merit. After consideration, it is
ORDERED AND ADJUDGED tfiat the Petition Under Rule No. 1, Florida Rules of Criminal Procedure, heretofore filed before this Court by the petitioner, Joseph A. Peel, Jr., be and the same is hereby denied.”
We therefore affirm the order of the trial Judge denying the petition to vacate, and observe in passing that our opinion in Roberts v. State, Fla.App.1967, 199 So.2d 340, does not in any way affect our disposition of this appeal but on the contrary is confirmatory hereof.
We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 32 F.S.A.
Affirmed.
ALLEN, Acting C. J., and HOBSON, J., concur.