PIERCE, Judge.
In this case, appellant Willie Joseph Miller appeals to this Court an order entered by the Hillsborough County Circuit Court on May 28, 1968, denying Miller’s second motion filed under CrPR 1.850, 33 F.S.A. to vacate a sentence of life imprisonment previously imposed upon him after pleading guilty to first degree murder.
The first motion to vacate the sentence, under then Criminal Procedure Rule 1, was filed on January 23, 1964, and after hearing was denied on March 17, 1964, by the late Circuit Judge Harry N. Sandler, who incorporated in his order of denial detailed antecedent history of the case, which is fully supported and documented by the record before us here, and which we herewith adopt and approve, as follows:
“The defendant, Willie Joseph Miller, was indicted by the Grand Jury of this County on the 15th day of November, 1960, on the charge of murder in the first degree. Thereafter, on December 8, 1960, at a hearing before the undersigned Judge (before whom all the proceedings in this case were held) the defendant was adjudged insolvent and the Honorable John R. Parkhill, a member of the Bar of this Court and well versed in the trial of criminal cases, was appointed to represent the said defendant. The said John R. Parkhill being present at this hearing, the defendant was then arraigned, plead not guilty to the indictment, and the trial of the case was set for February 2, 1961, to commence at 9:30 o’clock A.M. Thereafter at said time, to-wit, February 2, 1961, all parties appeared in Court prepared for trial, including the proposed jurors summoned for such trial. Thereupon Mr. Parkhill advised the Court that the defendant moved the Court to be allowed to withdraw his plea of not guilty and enter a plea of guilty to the indictment. The defendant was thereupon interrogated by his. counsel before the Court relative to the effect of the plea and the possible consequences, and advised both his counsel and the Court that he understood the proceedings and desired to plead guilty. Thereupon the defendant was again arraigned, the indictment read to him, and upon interrogation stated that he understood the indictment and understood the nature of his plea. The Court then heard the testimony of nine (9) witnesses. At the conclusion of this testimony the defendant took the stand and freely and voluntarily confessed the crime giving in detail the events that lead *905 up to the unlawful killing and the defendant’s part (Tr. p. 38) in the event. Thereupon the defendant was permitted to withdraw his plea of not guilty and in accordance with his plea of guilty was found guilty of murder in the first degree with recommendation to mercy and was so adjudged. The mandatory sentence of life imprisonment was thereupon imposed.
The cause is now before the Court on motion of the defendant, filed January 23, 1964, to set aside the judgment and sentence on various grounds. On January 28, 1964, the Honorable Thomas C. MacDonald, a member of the Bar of this Court, was appointed to represent the defendant in this proceeding and was present before this Court on the defendant’s behalf at the hearing on said motion. The motion of the defendant, filed under the provisions of Criminal Procedure, Rule No. I, consists in substance of the customary allegation that the defendant was deprived of his constitutional rights under both the State and Federal Constitutions; that he was questioned by the Assistant State Attorney and other authorities but was not advised that he was entitled to counsel; that the confessions elicited by the authorities were in violation of his constitutional rights; and that the absence of counsel on his behalf rendered the confessions inadmissible at the trial. Likewise the defendant complains that he was not taken before a Committing Magistrate and advised of his constitutional rights and that he was not properly represented by counsel.
On behalf of the defendant, Mr. MacDonald filed two (2) motions, one for an order directing production of the defendant at the hearing and one for an order directing the State to furnish defense counsel with a transcript of the proceedings. The latter motion was complied with by the State by defendant’s counsel being furnished with a complete copy of the proceedings before the Court and the interrogation of the defendant by the authorities on behalf of the State. The motion to produce the defendant at the hearing was denied as in the opinion of the Court the motion filed and the records in this case successfully show that the defendant is entitled to no relief on his said motion. A hearing before a Committing Magistrate is not a necessary step in the prosecution of a felony and nowhere in the record is there any violation or indication that the defendant’s constitutional rights were violated. No confession was used against him in the trial or even suggested to the Court. The defendant voluntarily took the stand, and was ably represented by counsel.
The motion to vacate the judgment is without merit and denied.
DONE AND ORDERED at Tampa, Florida, this 17th day of March, 1964.
Harry N. Sandler
CIRCUIT JUDGE.”
Miller took an appeal from Judge Sand-ler’s order aforesaid, and on November 13, 1964, this 2nd District Court quashed the appeal upon motion of the Attorney General, observing that “it is manifest that the questions raised on the appeal are without substantial merit”. Thereafter, on May 9, 1968, Miller filed in the Circuit Court his 2nd motion to vacate, under present CrPR 1.850, which motion was denied on May 28, 1968, by order entered by Circuit Judge Bruton, apparently without adversary hearing, observing that it was “manifest that no question of substantial merit has been raised”.
It is from this order that the instant appeal is prosecuted. The sole question now before this Court is the sufficiency of the grounds, as a matter of law, in the current motion to vacate, without evidentiary hearing before the Circuit Court.
The only contention made therein which merits discussion is that, under F.S. § 912.01 F.S.A., the trial Court had no authority to accept the guilty plea by defend *906 ant, notwithstanding the Court accorded him mercy under the capital offense charged and sentenced him to life imprisonment.
Cited in support of such contention is F. S. § 912.01 F.S.A. and the cases of Smith v. State, Fla.1967, 197 So.2d 497, and Roberts v. State, Fla.App.1967, 199 So.2d 340.
§ 912.01 provides:
“912.01 When trial by jury may be waived
In all cases except where a sentence of death may be imposed trial by jury may be waived by the defendant. Such waiver shall be made in open court and an indorsement thereof made on the indictment or information and signed by the defendant.”
A casual reading of § 912.01, would suggest that a guilty plea in a capital case is absolutely prohibited. But upon closer analysis, it does not appear so positive. In a double-negative sort of fashion, the statute indicates that a defendant may not waive a jury in such case. But it does not say precisely that. What the statute does do is to erect an inhibition on the right of a defendant to make such waiver. It does not impose any restriction, except in an indirect way, upon the authority of the Court.
Under the circumstances of this case, as affirmatively reflected from the record here, we decline to hold the judgment and sentence void upon authority of § 912.01. Judge Sandler held an exhaustive hearing in open Court upon defendant’s personal application for the privilege to withdraw his plea of not guilty and substitute a plea of guilty “to the indictment”. Defendant was represented at that hearing by eminent counsel, appointed by the Court at State expense. The entire proceedings were taken down by a Court Reporter, and the entire transcript thereof, comprising 74 pages, was at the hearing upon the instant motion to vacate sentence, tendered to defendant and his present counsel, filed as an exhibit, and is included in the record before this Court.
It is clearly apparent therefrom that defendant had “thought it over carefully”, that he had “had time to think about it”; that no one had promised him anything or threatened him to try to make him change his plea; that he and his then attorney had “discussed this at length now in the County Jail”; that his counsel had explained to him his rights; that it was his own “decision to enter this plea of guilty to the indictment”; that he “understood” the indictment that was again read to him; and that he “did murder this man” named in the indictment.
Judge Sandler then proceeded to hear the complete testimony on the merits of the charge, including sworn testimony of ten different witnesses and introduction and consideration of eight exhibits, culminating and hearing a plea from his attorney for recommendation and sentence to life imprisonment. The eminent Circuit Judge acceded thereto and imposed the identical sentence pleaded for by both the defendant and his attorney. We do not believe CrPR 1.850 or its predecessor Rule 1 was designed to warrant vacations, over seven years later, of a sentence under such circumstances.
The cases relied upon here by Miller are distinguishable. Smith and Roberts were direct appeals from the judgments of convictions entered, while here the challenge was by a collateral proceeding many years later.
Neither Smith nor Roberts involved a positive guilty plea. In each case there was a plea of nolo contendere, which thereby placed upon the trial Court the duty and responsibility of determining whether defendant was actually guilty or not, and if so, in what degree. Here Miller applied in open Court with his counsel for the privilege of pleading guilty, and frankly admitted under oath that he “did murder this man”.
*907 Also, Roberts, was fairly contemporary with Smith, while here the guilty plea and Court proceedings attendant were had long before the decisions in Smith and Roberts, and therefore to apply it now would make Smith and Roberts retroactive, which we are not willing to do.
We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 32 F.S.A.
For all the foregoing reasons, any one of which would suffice, we must affirm the order denying motion to vacate.
Affirmed.
HOBSON, A. C. J., and ALLEN, J., (Ret.), concur.