LILES, Acting Chief Judge.
This is an appeal from a denial of a petition filed under CrPR 1.850, 33 F.S.A.
Petitioner was originally indicted for first degree murder on March 29, 1965. Five days into the trial he moved through his attorney to withdraw his plea of not guilty, or in the alternative, not guilty by reason of insanity, to guilty of the offense charged. The trial judge, after a thorough examination to determine the voluntariness of the plea, accepted the plea of guilty over the state’s objection. The judge thereby determined that the plea was knowingly, wilfully and voluntarily given.
After accepting this guilty plea, examining witnesses and obtaining a pre-sentence investigation of the defendant, the court sentenced him to be electrocuted, and so far as we know petitioner remains in Rai-ford on death row. This sentence was passed on January 20, 1966.
The first question for our determination is whether this court has jurisdiction to review this denial of defendant’s motion to vacate judgment and sentence. The Constitution vests jurisdiction of appeal from judgments imposing the death penalty in the Supreme Court. This appeal, however, is not a direct appeal from the lower court’s judgment imposing the death penalty, but rather is an appeal from the denial of a collateral attack on that judgment. The distinction between the two is sufficient to vest jurisdiction in this court rather than the Supreme Court of Florida. Williams v. State, Fla.1965, 178 So.2d 586.
Petitioner’s sole argument that his conviction and sentence was improper is that a plea of guilty canot be accepted in a capital case in Florida. As authority petitioner relies on the recent Supreme Court case of Smith v. State, Fla.1967, 197 So.2d 497, and a subsequent interpretation of that case by this court in Roberts v. State, Fla.App.1967, 199 So.2d 340. Those cases stand for the proposition that a plea of nolo contendere is not proper in a capital case. Petitioner urges that there is no practical difference between a plea of nolo contendere and a plea of guilty, and that therefore Smith and Roberts stand for the proposition that a plea of guilty is not proper in a capital case.
This argument has been reviewed by this court in a case squarely on point with the facts in the present case. In Miller v. State, Fla.App.1969, 217 So.2d 903, this court, speaking through Judge Pierce, held that in spite of Smith and Roberts a plea of guilty is allowable in capital cases in this state. Several reasons were listed for this holding and we will not here review the principles of law set forth in the Miller case. The only possible distinction between this case and the Miller case is that defendant Miller was sentenced to life imprisonment after pleading guilty to first degree murder, whereas petitioner in the present case was sentenced to the electric chair for the same offense. This distinction is not controlling since imposition of the death penalty is the risk one runs in pleading guilty to a capital case, and petitioner was well aware of the chance he was taking at the time he plead guilty. This is the same risk defendant Miller had taken in his case, and the fact petitioner in this case gambled and lost does not distinguish his cause from Miller.
*578 Even though the Miller case completely disposes of the present case, we think the seeming conflict between Section 912.01, F.S.A.[1], and Section 919.23(2), F.S.A.[2], should be explained. The former states that trial by jury may not be waived by the defendant in a case where sentence of death may be imposed and seems to imply that a guilty plea is improper in a capital case. The latter, however, deals with recommendations of mercy in capital cases and makes provision for a trial judge sitting without a jury to determine the issue of mercy in order to determine which sentence to impose. This statute clearly envisions a situation where the judge sits without a jury in a capital case.
In 1939 the Supreme Court of Florida held that the statutory predecessor to Section 919.23(2), F.S.A., provided express statutory authority for the plea of guilty in a capital case. McCall v. State, 135 Fla. 712, 185 So. 608, reh. denied, 136 Fla. 317, 186 So. 510, stay order denied, 136 Fla. 343, 186 So. 667. No mention was made of the statutory predecessor to Section 912.01, F.S.A., in the McCall case.
The difference between the two statutes can be explained because Section 912.01 only applies to situations where the defendant attempts to waive trial by jury in favor of a trial by a judge sitting without a jury. It is to be noted that a trial is to be held in either case. This statute therefore does not apply where the trial itself, whether by a jury or by the judge alone, is completely waived as in the case where a guilty plea is entered.
This explanation squares with the holdings in Smith and Roberts where a plea of nolo contendere was not allowed in a capital case. This is because one distinction between a plea of nolo contendere and a plea of guilty is that in the former proceedings must still be held by the trial judge to determine whether the accused is indeed guilty, and if so, of what offense. These proceedings are at least analogous to a trial. On the other hand, after a defendant has plead guilty and the court has accepted the plea after satisfying itself that the plea was knowingly and voluntarily made, the trial judge has no discretion but to adjudge the defendant guilty of the offense to which he has admitted guilt. It is then, pursuant to Section 919.23(2), F.S.A., that the trial judge must determine whether mercy is to be accorded the defendant and thereby determine what sentence to impose. See Lee v. State, Fla.1964, 166 So.2d 131, cert. denied, 380 U.S. 917, 85 S.Ct. 905, 13 L.Ed.2d 802; Davis v. State, Fla.1960, 123 So.2d 703.
It should be noted that we express no opinion on the continuing validity of Section 912.01, F.S.A., with regard to distinguishing between capital and non-capital cases, in view of CrPR 1.260 [3] which became effective January 1, 1968.
We therefore hold that there is no constitutional or statutory bar to prevent a defendant from pleading guilty to a capital offense. In the instant case it appears the trial court quite properly accepted this plea thereby saving the state the expense of a prolonged trial. As noted above, this guilty plea was accepted only after first determining that it was knowingly, wilfully and intelligently made following an exhaustive examination of petitioner by both *579 the court and petitioner’s own attorney. For these reasons the trial judge properly denied petitioner’s motion to vacate, and we affirm that denial.
We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 32 F.S.A.
Affirmed.
PIERCE and MANN, JJ., concur.

. Section 912.01, F.S.A. When trial by jury may be waived. In all cases except where a sentence of death may be imposed trial by jury may be waived by the defendant. Such waiver shall be made in open court and an indorsement thereof made on the indictment or information and signed by the defendant.

. Section 919.23(2), F.S.A. Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; or if found by the judge of the court, where there is no jury, to be entitled to a recommendation to mercy, shall be sentenced to imprisonment for life, at the discretion of the court.

.Rule 1.260 Waiver of Jury Trial. A defendant may, in writing, waive a jury trial with the approval of the court and the consent of the state.