## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jesse B.,**
**Petitioner Below, Petitioner**

**vs) No. 16-0433** (Ohio County 14-C-129)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jesse B., by counsel Mark D. Panepinto and pro se, appeals the Circuit Court of Ohio County's March 29, 2016, order denying his petition for writ of habeas corpus.[1]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Additionally, Petitioner's counsel filed a brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner filed a pro se supplemental brief.

Finally, since the filing of the petition in this case, the warden at Mount Olive Correctional Complex has changed and the acting warden is now Ralph Terry. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

Respondent Ralph Terry, Acting Warden, by counsel Elizabeth Davis Grant, filed a response. On appeal, petitioner argues that the circuit court erred in finding that his plea was voluntary and that he was afforded effective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2010, petitioner was charged, by way of criminal complaint, with four counts of sexual abuse by a parent, three counts of first-degree sexual abuse, and one count of first-degree sexual assault. Petitioner entered into a plea agreement with the State whereby he agreed to plead no contest[2] to the first-degree sexual assault charge in exchange for the State's agreement to refrain from prosecuting him for any offense known to the State and occurring before the date on which the plea was entered. The circuit court accepted this plea on May 7, 2010, and proceeded to sentence him to not less than 25 nor more than 100 years of incarceration.

On May 12, 2014, petitioner filed a petition for writ of habeas corpus alleging that his plea was involuntary and ineffective assistance of counsel. The circuit court held an omnibus hearing on January 7, 2015, and denied the petition by order entered on March 29, 2016. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner advances two assignments of error on appeal. Petitioner's first contention is that the circuit court erred in finding that his plea was voluntary. Petitioner states that he "did not understand any thing [sic] that was happening" and that he "just followed the lead of [c]ounsel." Petitioner asserts that "sexual offenders are frowned upon in jail and prison by other inmates which ultimately cause[d him to] be under a lot of duress." Petitioner claims that the stress of his

---

[2]"A plea of 'nolo contendere,' when accepted by the court, is, in its effect upon the case, equivalent to a 'plea of guilty.'" Syl., in part, *Schad v. McNinch*, 103 W.Va. 44, 136 S.E. 865 (1927).

incarceration caused him to "say and do anything to get out of the place in which he resided." Petitioner further states that he was confused by the plea agreement and led to believe that he would be receiving a fifteen to thirty-five-year sentence.

Petitioner's second assignment of error is that he received ineffective assistance of counsel because counsel pressured him into entering into the plea agreement. Petitioner contends that he was under duress as explained above, confused about the plea, and did not wish to plead guilty or no contest. Accordingly, petitioner contends he was "under no condition to be forced into taking a plea."

In *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we observed that "[t]he most common issues in [h]abeas corpus cases are whether there were, indeed, knowing and intelligent waivers, whether there were facts outside the record which improperly caused the defendant to enter his plea, and whether defendant's counsel was indeed competent." *Id.* at 196, 220 S.E.2d at 669-70. We found that these issues "can all be finally resolved in the careful taking of the original plea" and outlined certain inquiries that should be made prior to the acceptance of a plea. *Id.* at 196, 220 S.E.2d at 670. Where a plea bargain has been entered into, "the trial court should spread the terms of the bargain upon the record and interrogate the defendant concerning whether he understands the rights he is waiving by pleading guilty and whether there is any pressure upon him to plead guilty other than the consideration admitted on the record." *Id.* at 191, 220 S.E.2d at 667, Syl. Pt. 4. Further,

> [a] trial court should spread upon the record the defendant's education, whether he consulted with friends or relatives about his plea, any history of mental illness or drug use, the extent he consulted with counsel, and all other relevant matters which will demonstrate to an appellate court or a trial court proceeding in [h]abeas corpus that the defendant's plea was knowingly and intelligently made with due regard to the intelligent waiver of known rights.

*Id.* at 192, 220 S.E.2d at 668, Syl. Pt. 5.

> Ineffective assistance of counsel claims
>
> are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Both of petitioner's claims are belied by the record and were "finally resolved in the careful taking of the original plea." *Call*, 159 W.Va. at 196, 220 S.E.2d at 670. Although our review of the record reveals that the circuit court carefully inquired into the areas required by *Call* during petitioner's plea hearing, the following excerpts are particularly relevant to petitioner's claims. First, petitioner's plea hearing began with a recitation of his plea agreement,

including the portion setting forth the sentence of "not less than 25 nor more than 100 years[.]" Petitioner himself recounted to the circuit court his understanding of the possible sentence:

> THE COURT: Okay. [Petitioner], has [your attorney] discussed with you what the mandatory minimum penalty is for the crime with which you've been charged, as well as the maximum possible penalty?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And what is your understanding of the possible penalties that you're facing under this plea agreement.
>
> THE DEFENDANT: Twenty-five to 100 years in prison.

The circuit court inquired whether petitioner had heard the plea agreement placed upon the record, whether he reviewed the plea agreement after it had been reduced to writing, and whether he understood the plea agreement. Petitioner responded in the affirmative to each question. Petitioner also stated that he understood everything that was going on during the proceedings, that he had an adequate opportunity to ask his attorney questions concerning his plea and the agreement itself, and that the plea agreement had been fully explained to him by counsel.

In addition to petitioner testifying to being completely satisfied with counsel's legal services, he gave no indication that he was coerced by counsel into entering the plea agreement. The circuit court specifically asked, "Have there been any promises made to you in order to get you to enter into this plea agreement other than the promises contained within the agreement?" Petitioner responded, "No." The circuit court also asked whether "anyone forced you or threatened you in order to get you to come here today and enter this plea?" Petitioner again responded in the negative. Thus, there is no support for petitioner's contention that he was coerced by counsel into entering his plea.

Finally, the circuit court informed petitioner that it did not want him "to plead no contest to anything today unless you feel that that's the appropriate thing that you should do. Do you understand that?" Petitioner responded, "I understand." Following a recitation of the evidence against petitioner, he was asked whether he believed that the evidence would lead to his conviction. Petitioner responded, "Yes, sir." This exchange refutes petitioner's assertion that his plea was entered under duress. Petitioner understood that the evidence against him was sufficient to convict him. Petitioner also understood that the circuit court did not want him to enter his plea unless petitioner felt it appropriate. Given the evidence against him, petitioner proceeded to voluntarily, knowingly, and intelligently enter his plea of no contest. Accordingly, we find no abuse of discretion in the circuit court's findings that petitioner's plea was voluntarily entered into and that he received effective assistance of counsel.

For the foregoing reasons, we affirm the circuit court's March 29, 2016, order denying petitioner's petition for writ of habeas corpus.

Affirmed.

**ISSUED:**  January 8, 2018

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker